THE PEOPLE, *ex rel.* John E. Smith, *vs.* JAMES TAYLOR, JAMES ROOR and MATHEW DILL, Commissioners of Highways of the town of Shawangunk, Ulster county.

Requisites and sufficiency of an application to commissioners of highways for the laying out of a private road under the statute. (*Laws of* 1853, *ch.* 174, § 1.)

If the application contains a sufficient description of the land required, to enable the owner to understand what portion of his lands is intended to be taken, and the jury intelligently to determine upon the necessity of the road, and to assess the damages, the intent of the statute is satisfied.

Where, although it did not expressly appear that the jurors were freeholders, no objection was made on that ground, and the parties agreed upon the six persons on the list who afterwards acted as jurors, in making the assessment; it was *held* that the absence of proof that any of them were not freeholders; the failure to object on that ground; and the express assent to the jurors, was sufficient proof that they possessed the necessary constitutional and statutory qualifications; or at least amounted to a waiver of the constitutional provision made for the party's own benefit.

The owner of the land cannot object that the terminus of the road actually laid out is different from that applied for, where it appears that though described under different names the termini are identical.

THIS is a common law certiorari, directed to the commissioners of highways of the town of Shawangunk, Ulster county, to reverse the order made by said commissioners, laying out a private road on the application of Daniel Tears, through the lands of John E. Smith.

The principal point made on the part of the owner of the land is, that the application for the road does not state the

"location, courses and distances," as required by the stat-ute. Several other points are made by the owner of the land, *depending* however on the one just stated.

A further ground of error is alleged in this respect, that the terminus of the road as laid is different from the termi-nus specified in the application. The terminus named in the former being "*Brown's Turnpike,*" and in the latter the "*Hokerback.*"

By the return of the commissioners, it appears that the ap-plication was addressed to the commissioners of highways of the town of Shawangunk, and asked that a private road, "eighteen feet wide, located as follows, and running on the courses and distances as hereinafter specified: Beginning on the south end of a lot I purchased of Alexander Cameron for a road, and following the east side of a swamp to a stone wall, being the west side of the stone wall, and running south along said wall through the woods to the public highway, known as the Hockabarick road, for eighty rods, more or less, through the land owned and occupied by John E. Smith, where said road is proposed to be laid out, in the town of Shawangunk, in said county."

The commissioners further return, that they presented to the parties the names of eighteen persons who were compe-tent to serve as jurors, &c., out of which number *the parties agreed* that the first six persons named upon such list should determine upon the application, and assess the damages. That the route of the proposed road *was distinctly marked out upon the ground;* that the jury viewed the route thus marked out. That after the jury had delivered their verdict, *at the request of the owner of the land,* the commissioners made a *new survey* of the proposed road upon the *identical* line marked out upon the ground, and described in the no-tice; that the description of the road in the order is taken from such last survey made at the request of said Smith; that such survey and order is upon the *precise* line described in the application, and marked upon the ground; that the ter-

minus of the road, called in the application the " Hockabarick," and in the order as " Brown's Turnpike," is one and the same—the road referred to being known as well by one name as the other.

*J. G. Graham*, for the relator.

*T. R. Westbrook*, for the commissioners.

*By the Court*, HOGEBOOM, J.　Three objections are made to the validity of the proceedings in laying out the private road in question, which I will consider in their order.

1. It is objected that the statute requires that " an application for a private road shall be made in writing, specifying its width and location, courses and distances," (*Laws of* 1853, *ch.* 174, § 1,) and that this application gives neither the location, courses nor distances ; that the jury, therefore, could not know the line of the proposed road, nor the quantity or location of the land ; nor could they properly determine upon its necessity, or the amount of damages to be assessed ; that this is a jurisdictional and fatal defect, and vitiates all the proceedings.

The object of the description required by the statute, which also requires the " names of the owners and occupants of the land through which the road is proposed to be laid out" to be stated, is obviously for the purpose of enabling the owner to understand what portion of his lands is intended to be taken, and the jury intelligently to determine upon the necessity of the road, and to assess the damages. If, therefore, this has been substantially done, so as to accomplish these objects, the intent of the statute is satisfied.

Now the *owner* of the land to be taken, and the *width* of the proposed road, are clearly specified ; the general location, direction and distance are substantially given ; the point of commencement is given with reasonable accuracy, and the general course indicated and limited by prominent, visible,

natural and artificial monuments. It is true the precise absolute location throughout is not given; nor do I conceive it necessary, being left at liberty slightly to fluctuate according to the views of the jury, and so as to do the least possible harm to the owner of the land. It is true, also, that the *courses,* according to the surveyor's or mariner's compass, are not given; nor the *distances* on each course. But I cannot regard that as absolutely indispensable; especially when it appears by the return that the precise line actually adopted —in all respects conforming to the application—was actually marked out upon the ground—was seen and known by all the parties interested and by the jurors, before assessing the damages, and was at the request of the relator afterwards surveyed and described by courses and distances. The observance of all these precautions renders it clear that no mistake could have been made as to the actual location of the road, the quantity of land taken, or as to the materials from which the jurors were enabled to take an intelligent view of the necessity of the road and make up an intelligent opinion as to the damages. I regard the statute as substantially complied with.

2. It is again objected that the jury were not summoned as required by the statute, and were not freeholders as required by the constitution. (*Art.* 1, § 7.)

It does not expressly appear that the jurors were freeholders. Certainly it does not appear that they were not freeholders; no objection was made upon that ground. On the contrary, it appears that the list being presented, the parties *expressly agreed* upon the six who afterwards acted as jurors in making the assessment. The absence of proof that any of them were not freeholders—the failure to object on that ground—the express assent to the jurors must be deemed, I think, sufficient proof that they possessed the necessary constitutional and statutory qualifications, or at least amount to a waiver of a constitutional provision made for a

Corning *v.* The Troy Iron and Nail Factory.

party's own benefit.   I do not think this objection ought to prevail.

3. It is objected that the terminus of the road actually laid out is different from that applied for.

The answer is, that this is not so in point of fact, but that they are *identical*, though described under different names.   This is expressly stated in the return; and after such a statement, it would be sacrificing substance to form to give effect to this objection.

I think none of the objections made to the validity of the proceedings are well taken, and that therefore the proceedings should be *affirmed.*

[ALBANY GENERAL TERM, September 8, 1860.   *Gould, Hogeboom* and *Peckham,* Justices.]