## SUPREME COURT.

THE PEOPLE *ex rel.* JACOB H. MARTIN agt. ISAAC ALBRIGHT and others, comm'rs of highways of New Scotland.

On an appeal upon exceptions taken to the decision of a judge who has heard and decided the issues founded on the pleadings to an alternative mandamus, and ordered a peremptory mandamus against commissioners of highways, with costs, requiring them to lay out a certain highway according to the decision of the referees thereon, &c.,

*Held,* that where the application for the alteration of the highway was so obscure, in reference to the commencement and termination of the road, as to require oral testimony, and such testimony having been given, and being conflicting, this court will not review the finding of the judge thereon, even though the weight of evidence is apparently against his decision.

Where the judge found that the road laid out by the referees run through the inclosed, improved and cultivated lands of J. S., with the consent of the said J. S., *held,* that this finding was sustained by evidence of verbal consent of all persons being or claiming to be occupants.

An occupant or owner of improved or cultivated lands has a right to *notice* of the time and place at which the commissioners will meet to decide on the application for the road, and of the time and place at which the referees will meet to hear and determine the appeal; but such notice may be waived; and is waived where such owner or occupant *releases* damages.

A finding by the judge that the referees, by their decision, duly *altered* a public highway, and did not lay out a *new road,* is sustained, where it appears by the record of the referees that the application was for an alteration of the highway,

People *ex rel.* Martin agt. Albright.

and that it was an alteration which the commissioners refused, such record being the only evidence that the termini of the road were upon the same highway.

A *mandamus* is the proper remedy to set the commissioners in motion to lay out a highway. The granting of *costs* against them, on allowing the writ, is a matter of discretion in the court, which will not be reviewed.

The *relator* in these proceedings is a competent witness on the part of the people.

*Albany General Term, March,* 1862.

*Present,* HOGEBOOM, MILLER and POTTER, *Justices.*

ON the 15th day of December, 1855, the relator made application to the commissioners of highways of the town of New Scotland, in the county of Albany, to alter a highway therein, commencing at a turn of the road or highway southeast of his dwelling, and running thence in a *southeasterly direction* across the lands of the relator, through the unimproved lands of William Bennett, to the road that runs to New Salem. Thereupon the commissioners gave the notice required by law, of the time and place of the meeting of the jury. The jury met, and certified as to the necessity for the alteration, and delivered their certificate to the commissioners, who, after giving the notices required by law, determined not to alter the road as applied for; from which determination the relator appealed. Referees were appointed, who reversed the determination of the commissioners, and altered the road as applied for. The commissioners refused to open the alteration, and, on the application of the relator, an alternative writ of mandamus was sued out against the commissioners. The defendants returned as reasons for not opening the alteration, that the alteration as made by the referees was not the same, or substantially the same, as that applied for; that it was laid through improved, inclosed and cultivated lands, without the consent of the owner or occupant, and without notice to the occupant of the time and place at which the commissioners or referees would meet to decide either the original application or said appeal; and that it was a new road, and not an alter-

ation, and should have been of the width of three rods, and not of the width of two.

The relator plead to this return, averring that the road, as laid out on appeal, is the same, or substantially the same, as the one applied for ; that the same was laid out through the improved lands of Shafer and the relator only, and that they consented to the alteration, and released all damages; that both had due notice of the time and place of meeting of the commissioners and of the referees, and that the referees, by their decision, altered a public high-way in said town, which was of the width of two rods only, and did not lay out a new road.

The cause came on to be tried before Judge GOULD, at the Albany circuit, 1861, and he decided all of the issues in favor of the relator, and ordered a peremptory manda-mus, with costs ; and from that judgment the defendants appealed to this court. The starting point in the appli-cation is at a *turn* of the road, southeasterly of Martin's house. The course of the alteration, as stated in the appli-cation, is a *southeasterly* one from Martin's house. The other questions involved in the case and decided, are suffi-ciently stated in the opinion of the court.

L. TREMAIN, *for appellants.*
IRA SHAFER, *for respondent.*

By the court, POTTER, Justice. The defendants took ten several exceptions to the findings of the justice who tried the issues founded on the pleadings to the alternative man-damus. We will examine them in their order.

*First.*—" That the judge found that the road laid out and altered by the referees, and as set forth in the writ of mandamus, is the same road or alteration as that applied for by the relator." The *eastern* terminus of the new road is the same as that applied for by the relator. This seems to be conceded. Where the western terminus of the road

applied for was, was a question of fact, and upon which there was a conflict of oral evidence. The written application was obscure in this particular, and oral testimony became necessary, and even with the explanation of maps, the place of beginning is about as applicable to the one as the other of the localities claimed. The statute (§ 74) of the present highway act requires the notice of the application " to specify, *as near as may be*, the route of the proposed highway, and the tracts of land through which it is proposed to be laid ;"· but the terms of the application itself are not required to be given, nor is the application itself required to specify the courses and distances. " Commencing at the turn of the road or highway, southeast of the dwelling-house of the undersigned, and runs thence in a southeasterly direction," &c., is the language of the written application. There seems to be two highways, and a turn in each about or near to a southeasterly direction from the relator's house, and in a comparative sense, both near to his dwelling ; one on what is called the Tygart road, the other more southeasterly ; and is upon the road proposed to be altered. Unexplained by the evidence, I should, perhaps, have selected the latter ; but the judge who heard all the evidence in the case, and decided the facts, could better determine ; and has determined it ; and I do not see that we can disturb his finding in this particular ; and even were the weight of evidence strongly in favor of the more southwesterly of the two locations in question, there was not, in my judgment, such an extravagant or material departure from the point of termination claimed by the defendants, as to enable the court to hold, as a matter of law, that it was not substantially the same. It was the same general course ; it effected the same general object. The spirit of the authorities is, that strict, technical exactness is not held to be jurisdictional to the referees ; and their judgment will not generally be interfered with if they exercise a reasonable discretion in the

matter. (*Hallock* agt. *Woolsey*, 23 *Wend.*, 331; *People* agt. *Judges of Dutchess*, *id.*, 362, 363; *People* agt. *Taylor*, 34 *Barb.*, 484.) The powers of referees in such cases are somewhat anomalous, not strictly appellate. They may hear and decide the appeal, as well on facts existing at the time of the hearing before them, as upon the facts existing at the time of the original application. (*People* agt. *Goodwin*, 1 *Seld.*, 568.) And in case of reversing the decision of the commissioners, they may make such order in relation to laying out the road, as in their judgment the commissioners should have made. (*People* agt. *Commissioners, &c.*, 4 *Seld.*, 476.)

*Second.*—" That the judge found and decided, that the road so laid out by the referees was through the inclosed, improved and cultivated lands of John and Jane Shafer, with the consent of the said John and Jane Shafer."

This finding certainly is a finding of *fact*, so far as relates to the land of the Shafers being cultivated and improved; and so much of the finding as relates to the *consent*, it is a finding partaking of law and fact combined. There is evidence of the verbal consent, by all persons being or claiming to be occupants, and I think the law, in the absence of evidence of a revocation of such consent, sustains this as a legal finding. (*See Highway Statutes*, § 73 [59;] *People* agt. *Goodwin*, 1 *Seld.*, 568.)

*Third.*—" That the said Shafers had due and legal notice of the time and place at which the commissioners would meet to decide on the application of the relator, and of the time and place at which the referees would meet to hear and determine the appeal of the relator." It can hardly be disputed, as a legal proposition, that a party may waive his right to a statute benefit, or protection; and though, without an express waiver of notice, the occupant or owner of cultivated or improved lands is entitled to the protection afforded by the notices referred to, the law does not, however, demand such absurd formalities to be gone through

with as the actual service of notice, where the party *who*, only, is interested, himself waives or releases. The waiver is equivalent to notice, and dispenses with its necessity. I think this exception is not well taken.

*Fourth.*—" That the said Shafers duly consented to the alteration of said highway as made by said referees, and that they duly released all damages that they or either of them were entitled to, by reason of the same passing through their lands." The question of *due* consent we examined in reviewing the second exception. If we are right in the view we took of that question, a release was entirely unnecessary, and that finding by the judge was entirely immaterial.

*Fifth.*—" That the said judge found and decided, that the said referees, by their decision and determination, duly altered a public highway in the town of New Scotland, and said referees did not, by said decision and determination, lay out a new road." I have regarded this exception as involving the principal question of doubt in the case. The finding is a combination of facts and of law. Whether we have all the facts in the case before us, is not certified. It is certain that we have no facts to inform us where *are* the termini of the road proposed to be altered. Whether it begins or has one termination westerly of Jacob H. Martin's house, and of the Tygart road, or whether at the junction or union of the Tygart road with the other, westerly of Martin's house, it is the same, or a different road, we are not shown by the case; and so also at the other end; whether the road proposed to be altered terminates at the road to Salem, or continues on, and how far, are very important *facts* in the decision of the question whether it is an *alteration* of a road, or the laying out of a *new road.* If the highway which the relator applied to have altered, extends beyond the termini of the new road, as laid out, then as both ends of the proposed improvement ran into the same road of two rods in width, it would with great

propriety be called an alteration of the same road. If both termini were upon different roads, and of different widths, it would not then be an alteration of a *highway*. The intention of the relator, and his application, was an alteration. It was an *alteration* that the commissioners refused, and upon the legal presumption that public officers have performed their duty; and upon taking the record made by the referees as evidence, it was an alteration of the present highway that they intended to make. This record seems to be the only evidence before us, that the termini are upon the same highway. Referring to the application, the referees say : " Beginning at a point on the north side of the *present* highway," &c. ; and after detailing the survey, they state that " they set stakes at each angle of said lines, and also at the termination ; the said line being meant for the center of said alteration of said highway, &c. I find no exception to the effect that the judge had not sufficient evidence to sustain his finding of the fact. The exception may be intended to refer to his legal conclusion upon the facts. By the case we are not informed upon this point. It was the duty of the appellants to make this clear. If the facts are sufficient, the legal conclusion is right. We ought not to review the facts in obscurity. They are not shown to be insufficient to sustain the finding. This exception, I think, is not available to the defendants, and must be held not good, for all the reasons above stated.

*Sixth.*—The sixth exception is to the direction of the judge, that a mandamus should issue, to compel the defendants to do what is therein prescribed. This exception is not good, if we are right in our view of the former exceptions. If they are overruled, this direction of the judge was right.

*Seventh.*—The seventh exception is to the granting of costs by the judge. I think this, if not in his discretion, was an absolute right. (3 *R. S.*, 5*th ed.*, 898, § 17 ; *id.*, 909, § 9.)

People *ex rel.* Martin agt. Albright.

*Eighth.*—The eighth exception is, " that the judge did not find a certain fact." The remedy for this objection is by special motion, to have it referred back for correction to the judge who tried the action. This exception is not the subject of review on appeal.

*Ninth.*—The ninth exception is of like character with the eighth. The merits of both the latter objections are also passed upon in the review of the first five exceptions.

*Tenth.*—This exception is, that the judge did not find that this road should have been laid out three rods wide. The answer to this exception is, that he found it to be an alteration of a two-rod road. If he was right in that finding, this exception fails.

These are *all* the exceptions filed after the trial. On argument, the defendants presented one other question upon an exception taken during the trial. The relator, Jacob H. Martin, was offered on the trial as a witness, and was objected to by the defendants as party plaintiff with the people, and not competent as a witness. The objection was overruled, and the defendants excepted. This is urged here as a good objection. This case was an issue of fact tried in the supreme court, (3 *R. S., 5th ed.,* 898, § 16,) upon which judgment in this court is to be given, (*id.,* § 17.) It is called an *action,* (*id.,* §§ 18, 19.) It would have been an *action* at common law. (*People* agt. *Colborn,* 20 *How. Pr. R.,* 380.) By the Code, as amended in 1857, (§ 399,) parties " to actions and special proceedings" are competent witnesses. In this section, the legislature " *did otherwise provide*" in 1857, so that section 471 of the Code does not exclude the provision of that amendment. This exception, I think, is not well taken.

Upon the whole case, I am of opinon that judgment should be affirmed.