SYLVESTER J. SHERMAN, Appellant, *v.* EDWARD M. WRIGHT, Respondent.

The specific performance of a contract is a matter not of absolute right but of sound discretion in the court, especially where the interests of infants are concerned. Courts of equity will not interfere to decree specific performance except in cases where it would be strictly equitable, and in granting or refusing such relief will look not only at the nature of the transaction but to the character of the parties, and if one is a guardian or trustee, the interest of the ward or *cestui que trust* will be considered. The contracts of guardians touching the property of their wards will not be enforced unless they are strictly equitable, and for the interest of the infants.

In an action for specific performance against a guardian it is incumbent upon the plaintiff to show that the contract sought to be enforced was such an one as the guardian acting for the best interests of the infant might properly have made, and such as the court would have approved and authorized, had authority to make it been asked.

The fraudulent or mistaken representations of one who without authority assumes to act as guardian for an infant lays no foundation for an equitable estoppel against the infant or against a guardian subsequently appointed so as to bind the infant or charge his property.

An injunction staying proceedings under the statute, by a landlord, for the removal of a tenant, will not be granted unless it appears that the magistrate has no jurisdiction, or that the proceedings are fraudulent or collusive.

(Submitted April 11, 1872; decided April 16, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment at Special Term, dismissing plaintiff's complaint.

The action was brought to restrain proceedings instituted under the statute by defendant, as guardian of Franklin W. Lowerre, an infant, to remove plaintiff from premises of the infant, and to compel defendant to ratify a lease claimed to have been executed by one Pearsall Wright, who assumed to act as guardian for said infant. A preliminary injunction was obtained, which was vacated on motion.

The complaint alleged in substance that in April, 1855, Margaret A. Lowerre, the mother and duly appointed guardian of Franklin W. Lowerre, executed, as guardian, a lease of certain real estate in Flushing, Queens county, belonging to her ward, to Thomas W. Willets, for twelve years, with the understanding that the lease should be renewed at the expiration of that time, until the arrival of age of the ward, and in consequence Willets built a store and dwelling on the premises, at an expense of $2,000, and subsequently subleased to Michael Wheeley, who occupied up to May 1, 1867. That Margaret A. Lowerre died in May, 1865, and subsequently Pearsall Wright assumed to act as guardian of said infant, received the rents, and promised to carry out the understanding as to the renewal. That he did, when the time expired, May 1, 1867,

in his assumed capacity, lease said premises to Willets for one year, who again rented to Wheeley. That plaintiff purchased the interest of Willets in the premises and buildings, upon the condition that a lease during the minority should be obtained of said P. Wright, who did, as guardian, execute to plaintiff a lease for six years and one month (when the infant would arrive of age), and thereupon plaintiff consummated the purchase, and subsequently sold the lease and buildings to Wheeley. That plaintiff supposed said P. Wright was guardian when he executed the lease; on being apprised of the mistake, he called on said P. Wright, who agreed to get the appointment of guardian and ratify or make a new lease. That said P. Wright was subsequently duly appointed guardian, and continued as such until he conspired with defendant to deprive plaintiff of his rights, by refusing to act, and having defendant appointed guardian, which was done, and thereupon defendant commenced summary proceedings, under the statute, to remove Wheeley. That plaintiff would not have purchased had he known that P. Wright had no power to execute the lease, and that said P. Wright is a man of no pecuniary responsibility.

Upon the trial the court, upon the opening, dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

*Francis Byrne* for the appellant. If a man assumed to act as an administrator, etc., and received payment of a debt due to the intestate or disposed of his property; if he were subsequently appointed administrator, the letters would have relation back to the acts done, and the sale or receipts, etc., would be valid. (*Vaughan* v. *Brown*, Andrews' Rep., 333; *Kenrick* v. *Burges*, Moore, 126; *Whitehall* v. *Squire*, 1 Salk., 295; *S. C.*, 3 Mod., 276; *Vroom* v. *Van Horne*, 10 Paige, 549; *Snook* v. *Sutton*, 5 Halstead, 133; *White* v. *Parker*, 8 Barb, at page 56; *Emerson et al.* v. *Spicer*, 55 Barb., 428; *Ireland* v. *Coulter*, Cro. Eliz., 303.) It is an established principle of equity that if one intrude upon the estate

of an infant and take the profits thereof, he will be treated as a guardian, etc. (*Goodhue* v. *Barnwell*, 1 Rice's Eq., 198; *Crooks* v. *Turpin*, 1 B. Mon., 183; *Wyllie* v. *Ellice*, 6 Hare, 505.) The provision of the Revised Statutes as to injunctions in summary proceedings, do not apply to cases of equitable relief or to cases of fraud, and where the magistrate has no jurisdiction. (*Cuff* v. *Dorland*, 55 Barb., 481; *Griffith* v. *Brown*, 3 Robt.; *James* v. *Stuyvesant*, 3 Sand., 665; *Capet* v. *Sandford*, 3 id., 662; *Bokee* v. *Hammersly et al.*, 16 How., 461; *Graham* v. *James*, 7 Robertson's S. C. R., 468.)

*Theo. F. Sanxay* and *Thomas W. Smith* for the respondent.

ALLEN, J. The plaintiff invokes the equitable powers of the court in hostility to the legal title and the right at law of an infant, and to compel the specific performance of an alleged lease or an agreement for a lease of real estate made by one assuming to act as guardian, but who was not the guardian in fact of the infant for a term of several years, and until the latter shall attain his majority. The plaintiff concedes that his legal title is defective, and that he cannot defend his possession at law. By his action he also admits the character of the defendant, and that he is the legally constituted guardian of the infant owner of the premises, and he does not claim under a lease from or any agreement with him. In brief, he relies wholly upon his own good faith and his equities, by reason of having dealt with one who assumed to be the guardian. The case made by the plaintiff is fatally defective in several particulars.

1. The real party in interest is an infant, and the rule is that courts will watch over and carefully guard the property interests of infants, and will exercise a vigilant care over guardians in the management of property, and the contracts of guardians touching the property of their wards will not be enforced unless they are strictly equitable and for the interest of the infants. Courts of equity will not in any case inter-

fere to decree a specific performance, except in cases where it would be strictly equitable to make such a decree, and in allowing or denying relief of that character will look not only to the nature of the transaction, but also to the character of the parties, and if one of the parties is guardian or trustee, the interests of the ward or *cestui que trust* will be considered. ( *White* v. *Cuddon*, 8 Cl. & Fin., 766.) The specific execution of a contract, in any case, is a matter not of absolute right, but of sound discretion in the court, and especially is this the case where the interests of infants are concerned. (*St. John* v. *Benedict*, 6 J. Ch. R., 111 ; *Seymour* v. *Delancey*, id., 222.) It was incumbent upon the plaintiff to show affirmatively that the contract sought to be enforced was such a contract as the guardian acting for the best interests of the infant might properly have made, and such as the court would have approved and authorized to be made, had authority to make it been asked. The plaintiff's case comes far short of this.

2. Neither the infant nor his guardian can be estopped by the acts or deeds of others. The mistake or ignorance of the plaintiff, whether excusable or not, combined with the fraudulent or mistaken representations of others, lays no foundation for equitable estoppel against the infant who was not a party to the transaction, and who was incapable of acting so as to bind himself or charge his property, or against a guardian subsequently appointed. Indeed, it was the fault of the plaintiff if he dealt with one acting in a representative capacity, without inquiring into and ascertaining his right to act. But it is enough that neither estoppel nor equitable rights, based upon estoppel, can be founded upon the acts and declarations of strangers. If the plaintiff has been deceived and sustained damage by acting upon the representations of the elder Wright, his remedy is against him, and his insolvency or inability to respond is no good reason for transferring the loss to an infant entirely innocent in the premises. Had he been guardian and made an improvident contract, as such, his insolvency and inability to indem-

nify the infant would constitute a valid reason for refusing a specific performance of the contract against the infant.

3. The statute prohibits the staying proceedings in an application by the landlord for the removal of a tenant, by any writ or order of any court or officer. (2 R. S., 516, § 47.) There is no allegation that the proceedings before the justice are fraudulent or collusive, or that the magistrate has not jurisdiction. This case is not therefore within the cases in which injunctions have been granted, because the magistrate had no jurisdiction and the proceedings were therefore *coram non judice*, or the proceedings were fraudulent in themselves. The plaintiff has clearly no right to the interposition of a court of equity, and his legal right to retain possession must be determined in the proceedings to remove him, or other proceedings had by the owner to recover the possession of the premises.

The judgment should be affirmed.

All concur.

Judgment affirmed.