## SUPREME COURT.

THE PEOPLE *ex rel.* ROBERT C. COOK agt. JOHN W. PARKER, justice, &c., and JOHN LERSCHER.

*Writ of prohibition — should not be used as a means of interfering with the orderly practice of the courts or as a method to stay summary proceedings.*

While a writ of prohibition lies to restrain a judicial tribunal from exercising jurisdiction in matters not within its cognizance, as well as those in excess of it, it was never intended that this remedy should be used as a means of interfering with the orderly practice of the courts or as a method to stay summary proceedings.

In summary proceedings if the final order of the justice awards delivery of the property, the issuance of the warrant may be enjoined in pursuance of subdivision 2, section 2265 of the Code of Civil Procedure.

*Special Term, March,* 1882.

*Wm. Goldfoyle,* for relator.

*W. C. Carpenter,* for respondent.

LARREMORE, *J.*— On or about May 1, 1873, the "Missionary Society of the Most Holy Redeemer in the city of New York," leased the premises No. 228 South Fifth avenue, in the city of New York, to the relator for a term beginning at that time and ending on the day when said premises should be sold. The premises were conveyed November 1, 1880, to the respondent Lerscher. On May 31, 1881, the latter instituted proceedings, in pursuance of the statute, before justice Parker, in the district court of the city of New York for the third judicial district, to recover possession of the property in question. The relator appeared on the return of such proceedings and moved to dismiss the same upon the following grounds :

*First.* That it did not affirmatively appear that the conventional relation of landlord and tenant existed between the parties.

The People *ex rel.* Cook agt. Parker.

*Second.* That the alleged tenancy could be terminated only by the statutory notice to quit, which had not been given.

After hearing counsel, the justice denied the motion and adjourned the trial until June 14, 1881, whereupon the relator obtained a writ of prohibition from this court restraining the justice from further action in the premises on the ground of want of jurisdiction.

Such jurisdiction is clearly conferred by the Code of Civil Procedure (*sec.* 2231 *to sec.* 2265, *inclusive*). The overruling of the preliminary objections by the justice is not necessarily conclusive as to his final decision of the case. A different conclusion may be reached, after further consideration, upon the merits. While a writ of prohibition lies to restrain a judicial tribunal from exercising jurisdiction in matters not within its cognizance, as well as those in excess of it (*Thompson* agt. *Tracy*, 60 *N. Y.*, 31), it was never intended that this remedy should be used as a means of interfering with the orderly practice of the courts or as a method to stay summary proceedings (*People* agt. *Steenbergh*, 9 *Albany Law J.*, 411).

The relator is not remediless. If the final order of the justice awards delivery of the possession of the property to the respondent the issuance of the warrant may be enjoined in pursuance of subdivision 2, section 2265 of the Code (*See, also, Sherman* agt. *Wright*, 49 *N. Y.*, 227 ; *Armstrong* agt. *Cummings*, 20 *Hun*, 313).

Writ dismissed, with costs.