## N. Y. COMMON PLEAS.

JOHN COSTER *et al.* agt. ALIDA VAN SCHAICK *et al.*

*Forcible entry and detainer — Injunction will not be granted to restrain execution of warrant pending appeal — Code of Civil Procedure, sections 2233, 2254, 2265.*

An injunction will not be granted to restrain the execution of a warrant issued in a proceeding for forcible entry and detainer, pending an appeal from the judgment entered in said proceeding.

*Special Term, October, 1882.*

*Charles W. Brook*, for plaintiff.

*A. H. Stoyber*, for defendant.

VAN BRUNT, *J.* — This is an application for an injunction to restrain the execution of a warrant issued in a proceeding for forcible entry and detainer, pending an appeal from the judgment entered in said proceeding.

It is claimed upon the part of the plaintiffs that under section 2265 this court has authority to issue such an injunction. By section 2233 proceedings in cases of forcible entry and detainer are made to conform to summary proceedings for the possession of real property. An examination of those sections shows that in many respects they are but a re-enactment of the provisions of the Revised Statutes. Subdivisions 1, 2 and 3 of section 2254, which provides for the cases in which a party may obtain a stay, where a final order is made requiring the delivery of possession of property to the petitioner, are but a re-enactment of sections 44, 45 and 46, pages 515. and 516 of the second volume·of the Revised Statutes. Section 47 provides that the supreme court may award a *certiorari* .for the purpose of examining any adjudication made upon any application thereby authorized.

Instead of *certiorari* the Code provides for an appeal. The section then provides that the proceedings on any such application shall not be stayed or suspended by said writ of *certiorari*, or any other writ or order of any court or officer. It has been held that the proceedings of a landlord for the removal of the tenant can only be staid by a court of equity where it is alleged that the proceedings before the justice are fraudulent or collusive, or that the magistrate has no jurisdiction (*Shearman* agt. *Wright*, 49 *N. Y.*, 202). . Section 2265 of the Code is but a re-enactment of the latter clause of section 47, and incorporated therein is the law as declared by the decisions of the courts. Section 2265 provides that where a petition is presented as prescribed in this title, the proceedings thereupon

before the final order, and if the final order awards delivery of the possession to the petitioner, the issuing or execution of the warrant thereupon cannot be stayed or suspended by any court or judge except in one of the following methods :

*First.* By an order made for an undertaking filed upon an appeal in a case and in the manner specifically prescribed for that purpose in this title.

*Second.* By an injunction order granted in an action against the petitioner. Such an injunction shall not be granted before the final order in a special proceeding, except in the case where an injunction would be granted to stay the proceedings in an action of ejectment brought by the petitioner upon like terms, or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action and upon the like terms.

The only provision made by the Code for a stay of summary proceedings upon appeal is in the case where the lessee or tenant holds over after a default in the payment of rent. There is no provision for a stay upon an appeal in the case of a tenant holding over after expiration of term, or in the case of forcible entry or detainer, unless it is found in subdivision 1 or 2 of section 2265. The language of subdivision 2 does not give the court any general power to enforce the execution of a warrant, but simply provides that such injunction may be granted in a case where an injunction would be granted to stay the execution of the final judgment in an action of ejectment and upon the like terms. This is merely declaratory of an equitable jurisdiction which the courts had long exercised and which depended upon allegations of fraud or collusion in the proceedings, or that the magistrate had no jurisdiction.

There is no pretense in the case at bar of fraud or want of jurisdiction, but simply that the magistrate has committed errors in the proceedings which render them void.

Prior to the adoption of the Code these errors could only be reviewed upon *certiorari* ; now they can be reviewed upon appeal, but I can find no authority given to the court by any

provisions of the Code, nor can I find that the court ever, prior to the adoption of the Code, had claimed any power to restrain by injunction the execution of the warrant in such proceedings, except for fraud or want of jurisdiction. In fact, the section of the Revised Statutes above referred to prohibits such intervention upon the part of the court; and section 2265 is equally positive in its terms, except that it reserves the right to a stay in certain cases by subdivision 1, and to an injunction in certain other cases mentioned in subdivision 2, neither of which subdivisions authorize this court to issue the injunction prayed for herein.

As to whether the judge who tried the proceeding has the power to stay the execution of the warrant by order, upon the giving of an undertaking or otherwise, by virtue of the provisions of subdivision 1 of section 2265, it is not necessary that I should express an opinion, as the decision of that question is not necessary to the disposition of this motion.

I am of the opinion, therefore, that this court has no power to issue the injunction prayed for, and that the temporary injunction should be dissolved, with costs.