IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, RESPONDENT, TO ACQUIRE TITLE TO REAL ESTATE OF ELIZABETH HART AND OTHERS, APPELLANTS.

35 575
138a 163
35h 575
e173 NY²255

*Appraisal of damages for the taking of land — appointment of a commissioner who is not a freeholder — right of parties to waive the error — when the court will not raise an objection waived by a guardian* ad litem.

Upon an application for the appointment of commissioners to appraise the damages to be awarded for the taking of land, one of the persons, whose name had been proposed by an attorney for one of the landowners, was, with the assent of the other landowners, appointed a commissioner. After the report had been made it was ascertained that this person was not a freeholder.

*Held,* that in the absence of any allegation of improper conduct on his part the court properly denied a motion made by one of the parties who had consented to his appointment to have the report set aside and a new commissioner appointed.

That the court at General Term would not raise this objection in behalf of an infant owner whose guardian *ad litem* had failed to raise it below.

*Quære,* as to whether the action of the commissioners should be reviewed at the General Term by an appeal from the appraisal and report of the commissioners, or by an appeal from the order confirming the same.

APPEAL from an order made at the Erie County Special Term, confirming the report of commissioners in proceedings taken by petition of the New York, West Shore and Buffalo Railway Company, to acquire for its road land in the city of Buffalo. The appellants, Elizabeth Hart and George S. Hart, had an estate in the premises. The appellant, Frank L. Hart, a minor son and heir apparent of the latter, is about fifteen years of age and has no general guardian. Richard E. Windsor was a tenant for years. The minor appeared by a guardian *ad litem*, duly appointed, and the other parties appeared by attorneys.

One of the commissioners (Welch) appointed was not a freeholder at that time. He and the two others were appointed by the consent of the attorneys for all the parties. The commissioner Welch was one of those proposed by the attorney for Windsor with the consent of the attorneys for the appellants. At that time it was not known to any of the attorneys that Welch was not a freeholder. The hearing was had and the report of the commissioners made, and afterwards the fact was ascertained, and on the hearing

of the application for confirmation it was, on that ground opposed, and a motion was made by the appellants Elizabeth and George S. Hart, to so correct the order appointing the commissioners as to make that fact appear in the recital.

The motion was denied and the report confirmed. Elizabeth and George S. Hart appeal from both branches of the order, and Frank L. Hart appeals from the order of confirmation only. The notices in terms express no appeal from the appraisal and report. Windsor does not appeal. Since the appeals were taken a receiver of the railway company has been appointed.

*Stephen Lockwood*, for the appellants Elizabeth and George S. Hart.

*Warren F. Miller*, for the appellant Frank L. Hart.

*Ansley Wilcox*, for the respondent and receiver, etc.

BRADLEY, J. :

The evidence taken before the commission fairly justified their award. The contention of the counsel for the appellants in that respect is not sustained. In fact it appears that Elizabeth and George S. Hart entered into a contract with the railway company, prior to the institution of this proceeding, to sell and convey to it the premises in fee, free and clear from all incumbrances, and to convey them by full covenant deed for $8,000, but the circumstances on the hearing tend to show that it was designed to be subject to the lease held by Windsor. The award was for $9,500, of which $1,500 was awarded to the latter. It appears that the title was in such situation that it was deemed necessary to take this proceeding to perfect it.

The counsel for the respondent contends that the notices of appeal are defective and insufficient as they do not purport to take an appeal from the appraisal and report, and that the appeals are to the General Term merely. The statute provides that appeals in such cases may be heard at General or Special Term. (Laws 1850, chap. 140, § 18, as amended by Laws 1876, chap. 198, § 1.) It is usual to hear the appeals at General Term, and it cannot be said the petitioner is prejudiced by the notice of appeal if it may be deemed restrictive in respect to the former, but it is not clear that

the terms of them have that effect.   The statute provides for an appeal from the appraisal and report and not from the order of confirmation.   The appeal to review the appraisal by commissioners does not come within the general provisions relating to appeals in special proceedings.   The statute under which this proceeding is taken creates the governing system to the extent covered by its provisions.   (*In re N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y., 276; *Matter of D. and H. C. Co.*, 69 id., 209, 211.)   And it provides for a review of the action of the commissioners by appeal from the appraisal and report.   The appeals, therefore, may not be effectual to review their action in that respect.   It is, however, unnecessary to determine that question in this case, as we see no occasion to disturb the report for error on the hearing or in the appraisal.   This is a special proceeding, and in so far the statute referred to fails to provide for review of orders or proceedings in it, the provisions of the general statutes on that subject are applicable and permit a review of orders.

The appeal from the order of confirmation may bring here for review anything involved which would not necessarily come within an appeal from the report and appraisal of the commissioners.   The objection here made is that one of the commissioners was without the requisite qualification.   If that question was raised in the Special Term and there passed upon, there is no apparent reason why it may not come here by appeal from the order of confirmation of the report.   It does not appear that the question was raised on behalf of Frank L. Hart at Special Term.   But his infancy requires the court to see that his interests were not prejudiced although the steps were not taken in the proceeding in his behalf which might be required of an adult to raise the question.   But in doing so reference is to be had to his substantial rights.   And if it fairly appears that they have not been prejudiced by the action of the tribunal, if the irregularity or error be such as might be waived as against a party of full age, by omission to raise the question at the proper time, the proceedings will not in such case be set aside.   (3 Pomeroy Eq. Jur., § 1307; *Lefevre* v. *Laraway*, 22 Barb., 168; *Sherman* v. *Wright*, 49 N. Y., 227; *Howell* v. *Mills*, 53 id., 322.)   Nothing appears going to impair the judicial quality, intelligence or fitness of the commissioner in question for the duties of the position or in any

manner reflecting on his conduct in the proceeding, but so far as any impression is given of him and of his action it is such as tends to show that the interests of the infant party were not prejudiced. And there appears no occasion to assume in his behalf to raise the question here, which his guardian *ad litem* did not see fit to urge on the application to confirm the commissioner's report. But the point was there distinctly made by the other appellants, and their counsel urges here that the order appointing the commissioners should have been set aside, and new ones appointed because one of them was not a freeholder.

The statute provides that the court "shall make an order for the appointment of three disinterested and competent *freeholders*." (Laws of 1850, chap. 140, § 15, as amended by Laws of 1854, chap. 282, § 2.) Limitation of the legislative power by the Constitution requires that the appointment be made by the court. (Const., art. 1, § 7.) The appointment of the commissioners is not jurisdictional, that is given by the petition from which the court derives power to act. When that is presented the proceeding is commenced, and jurisdiction acquired if it is what the statute requires. But strict compliance with the statute at every step peremptorily required by it in the proceeding to render the result effectual is necessary unless in some manner waived by the parties affected by it. But after jurisdiction is acquired such strict observance may be waived. The parties might dispense with the quality of freeholder of the commissioners; and the question here is whether that was done in respect to the commissioner Welch, or whether the appellants under the circumstances are estopped by the recital in the order. This may be accomplished by negligence as well as by express waiver. In this case the appellants through their attorneys not only consented to his appointment, but he was proposed by them and selected on their suggestion. The attorney for the adult appellants now says he did not then know that he lacked that qualification, nor did the attorney for the petitioner. He was appointed, the hearing was had and the report of the commissioners made. No inquiry was made, nor were the appellants or their attorney misled by the petitioner or anybody else. It was a mere want of information which might have been obtained before the commissioners were appointed or before the hearing was had; and there is

no reason given for the suggestion of him, or for consenting to his appointment as commissioner, which affords any excuse for the late objection.

While waiver is not to be inferred it will be implied when the proof furnishes a state of facts which requires it. And such implication may arise from an omission to object when the occasion gives opportunity, as well as by express consent. (*Browning* v. *Wheeler*, 24 Wend., 258, 259; *Howard* v. *Sexton*, 1 Denio, 440; *People ex rel. Smith* v. *Taylor*, 34 Barb., 481; *Cole* v. *Van Keuren*, 51 How., 451; *Hilltown Road*, 18 Penn. St., 233; *Walker* v. *B. and M. R. R. Co.*, 3 Cush., 1; *Wassum* v. *Feeney*, 121 Mass., 93; *King* v. *Sutton*, 8 Barn. & Cress., 417; *Johns* v. *Hodges*, 60 Md., 215; 45 Am. R., 722.)

It seems very clear that the appellants' right to make the objection was waived and gone, to raise the question after the hearing was had and the report made. If anything appeared relating to the judicial unfitness or the conduct of the commissioner, or might be inferred which could actually tend to prejudice the appellants, a different question might be presented. There is nothing in the constitutional limitation upon legislation requiring that the appointment be made by the court, which defeats the right of the parties to consent to and propose the names of persons to the court, or the effect of such consent upon those giving it. There are some things so repugnant to the idea of justice, that they cannot be waived by the parties, nor can the result be supported by their consent. And such is the rule applied to a judge disqualified by reason of consanguinity to one of the parties. The emphatic prohibition of the statute declaratory of the common law in that respect (2 R. S., 275, § 2), renders a judicial determination of any court held by a judge so disqualified, void. (*Oakley* v. *Aspinwall*, 3 N. Y., 547; *Chambers* v. *Clearwater*, 1 Abb. Ct. App. Dec., 341; S. C., 1 Keyes, 310.) But that rule has no application here. No reason appears for disturbance of the action of the commissioners or the confirmation of their report.

The order should be affirmed.

BARKER, J., concurred; HAIGHT, J., not voting.

Order affirmed, with ten dollars costs and disbursements.