(18 App. Div. 64.)

## FRAIN v. KLEIN.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

SPECIFIC PERFORMANCE—DEFENSES—INCUMBRANCES.

The existence of a lien on the premises is not a defense to an action by the vendor for specific performance, but the decree should provide for payment of the lien out of the purchase money.

Appeal from special term, Westchester county.

Action by Thomas Frain against Lewis Klein for specific performance. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Arthur J. Burns, for appellant.
F. X. Donoghue, for respondent.

BRADLEY, J. The action is for the specific performance of a contract between the parties of date June 5, 1896, whereby the plaintiff agreed to sell and convey to the defendant, by full covenant warranty deed, certain premises in the city of Yonkers, for the sum of $5,900, payable, $100 on the execution of the contract (which was paid), $1,000 by the execution and delivery to the plaintiff of a deed of certain described premises, $4,000 by a purchase-money mortgage, and the balance, $800, on the execution and delivery of the deed, to be done on the 1st day of July, 1896. The plaintiff alleges readiness and offer on his part, and the refusal of the defendant to perform the contract. The conclusion was warranted from the evidence that the plaintiff was ready and offered to deliver the deed, and that the defendant declined to accept it, and pay, as he had undertaken by the contract. There was no question raised on the trial by motion or exception. The contention of the defendant is that the determination of the trial court was not supported by the evidence, and therefore the exception to the decision was well taken. His evidence is

that he was misled into the execution of the contract by the representation made to him by the plaintiff that the house on the premises rented for $84 per month, when in fact the tenants were paying less than $60 per month, and that the condition of the house in some respects was not as good as he was led by the plaintiff's representations to suppose it was. It is therefore urged that it was unjust and inequitable to require him to specifically perform the contract. While specific performance is not an absolute right, it is not to be denied without some substantial reason as against a party in default. When the contract of which performance is sought is hard and unconscionable, or direction by decree for its specific performance would be unjust and inequitable, such direction will be denied. But the discretion which the court is permitted to exercise where such relief is sought is a sound legal discretion, founded upon well-defined principles of equity. Seymour v. Delancy, 6 Johns. 222, 3 Cow. 445; Sherman v. Wright, 49 N. Y. 227; Margraf v. Muir, 57 N Y. 155; Land Co. v. Roe, 8 App. Div. 360, 40 N. Y. Supp. 799.

The evidence, as a whole, was not such as to fairly require the conclusion of the court that any fraud was practiced upon the defendant; that the consideration which the defendant undertook to pay was in excess of the value of the property; that the contract was in any sense unconscionable, or that to require its performance would be unjust or inequitable. The contention that the parties had consented to treat the contract as ended, and the defendant as relieved from its performance, is not consistent with what followed the time when it is claimed such an understanding was had. It is unnecessary to refer in detail to the evidence before the trial court on the subject. There is no occasion to disagree in the conclusion there reached in those respects. It appeared upon the trial that the city of Yonkers had a lien upon the premises for an assessment of $300 for the removal of what was treated as a nuisance on them. This was levied in 1895. It does not appear that the defendant was advised of the lien when the contract was executed, but he was shortly after, and then raised the objection. He did not allege this as a defense in his answer, but he did put in issue the allegation of readiness on the part of the plaintiff to perform, and alleged that the plaintiff was not able to perform. Suffice it to say that the defendant should not be prejudiced by the lien of the city assessment. The undertaking of the plaintiff to give a deed with covenant against incumbrances is not fully satisfied by the execution of the conveyance, and permitting the lien to remain. While that lien was not in the way of direction for specific performance of the contract, the defendant could not properly be directed to pay the purchase money without some effectual provision for the discharge of the lien by payment with the purchase money, or for relief of the premises from it in some other manner. Guynet v. Mantel, 4 Duer, 86; Smyth v. Sturges, 108 N. Y. 495, 15 N. E. 544; Webster v. Trust Co., 80 Hun, 420, 30 N. Y. Supp. 357; Id. 145 N. Y. 275, 39 N. E. 964. The defendant could not be required to take the title with an uncertain result of a litigation to follow relating to the lien upon the premises. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233. There was no provision in the judgment

for the discharge of the lien, nor any arrangement made by the parties to that effect, nor does there seem to have been any request at the trial for any determination in that respect. The defendant, relying upon his exception to the conclusion of the court, insists that the existence of the lien constitutes a defense. Although it was not available to defeat the action, he was entitled to some protecting provision in the judgment against it.

The judgment should therefore be reversed, and a new trial granted; costs to abide the final award of costs, unless the plaintiff stipulates to so modify the judgment as to have it provide for the discharge of such lien with the purchase money to be paid by the defendant or otherwise, so as to relieve the premises from it at the time of the performance directed; and, in the event of such stipulation, the judgment be modified accordingly, and, as modified, affirmed, without costs of this appeal to either party. All concur.