separately and apart from that of the defendant, as would justify its submission to the jury. Similarly, in this case, I think that the plaintiff failed to present evidence "upon which the jury could properly proceed to find a verdict," and that the court was therefore warranted in directing a verdict in favor of the defendants.

HATCH, J. (dissenting). If we are to follow the rule announced in McDonald v. Metropolitan R. Co., 167 N. Y. 66, 60 N. E. 282, which we have held applicable to this class of cases (Phillips v. Phillips, 77 App. Div. 113, 78 N. Y. Supp. 1001), then I think that the appellant in this case presented a question of fact which required its submission to the jury for their determination. The question does not now rest upon the weight of the testimony, but bears solely upon whether there was any question of fact for the jury. It seems to me that the evidence was sufficient upon the question of the testator's testamentary capacity to call for its submission to the jury within the rule of these cases.

The judgment should therefore be reversed, and a new trial granted.

---

## KAZIS v. LOFT.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—JURISDICTION.
    Where in summary proceedings the landlord merely alleged that he was the "landlord" of the premises occupied by the tenant, and did not describe his interest therein, as required by Code, § 2235, the court acquired no jurisdiction to issue a warrant of removal.

2. SAME—WARRANT OF REMOVAL—INJUNCTION.
    Under Code Civ. Proc. § 2265, providing that summary proceedings may be stayed by injunction granted in an action, etc., an injunction was properly granted to restrain the execution of a removal warrant granted in an action in which the justice acquired no jurisdiction by reason of a defect in the pleadings, where plaintiff showed that his term had not expired and that irreparable damage would accrue to him if the warrant was not stayed.

Appeal from Special Term, New York County.

Suit by Demetrius Kazis against George W. Loft to restrain defendant from executing a warrant of removal in summary proceedings to dispossess plaintiff as a tenant. From an order continuing injunction pendente lite, defendant appeals. Affirmed.

The plaintiff was a tenant of the defendant, and, after a trial, a final order in summary proceedings was granted directing his removal, and a warrant was issued. He appealed from the order, but, as there was no power in the trial court to stay the execution of the warrant, he also applied for an injunction. He alleged that his term had not ended, and that the summary proceedings taken against him by the defendant were void because the justice presiding in the municipal court had not acquired jurisdiction. It appeared that the defendant, in his petition in the proceedings in the municipal court, had merely alleged that he was the "landlord" of the premises occupied by the plaintiff, and did not describe his interest in the premises, stating the facts as required by section 2235 of the Code.

The following is the opinion of the Special Term:

"LEVENTRITT, J. The plaintiff should have an injunction under section 2265 of the Code. The papers show that the justice, under the circumstances disclosed, went beyond his jurisdiction in taking cognizance of the

proceeding, owing to fatal jurisdictional defects. **Kiernan v. Reming,** 7 Civ. Proc. R. 312; Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434; Broadwell v. Holcombe, 4 Civ. Proc. R. 159. The plaintiff shows that irreparable damage would accrue to him, and there is some indication that the entire proceedings have been oppressive. Motion to continue injunction granted, with $10 costs to plaintiff to abide the event."

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Alexander Brough, for appellant.
Andrew J. Shipman, for respondent.

PER CURIAM.    Order affirmed, with $10 costs and disbursements.

---

### CURTIS BROS. LUMBER CO. v. McLOUGHLIN.

(Supreme Court, Appellate Division, Second Department.    March 13, 1903.)

1. ERECTION OF BUILDINGS—LOAN BY OWNER—ORDER ON LENDER—SUIT BY PAYEE—SUFFICIENCY OF EVIDENCE.

The owner of buildings in process of erection applied to a broker for a loan in installments, and it was claimed that a contract was made for the loan with defendant. Afterwards, the owner and the defendant made a written contract for a larger loan, making no provisions for stated payments, and providing that on the happening of certain events defendant should be relieved from obligation to make further advances. The owner gave plaintiff an order on defendant, to be paid in various amounts as the work progressed. The order was filed with the county clerk, Laws 1896, p. 995, c. 915, providing that no assignment of any moneys due or to become due for labor or materials, or any order drawn by any contractor or subcontractor for the payment thereof, shall have any force until such assignment or order shall be filed with the county clerk. It did not appear that the terms of the contract, imposing an obligation on defendant to continue the advances, had been fulfilled, and the evidence was conflicting as to whether defendant had any notice of the order. *Held,* in a suit on the order, that the complaint was properly dismissed, it not showing any definite fund on which the order was drawn, or any notice thereof to the defendant.

2. SAME—EFFECT OF FILING ORDER.

The filing of the order or a copy with the county clerk did not constitute notice to defendant, he not being the owner of the premises.

3. SAME.

Laws 1896, p. 995, c. 915, did not relate to one in defendant's position, whose rights were fixed by a written contract with the owner.

4. SAME—EFFECT OF WRITTEN CONTRACT.

The written contract between the owner and defendant superseded any oral contract made through the broker, and was controlling in the case.

Appeal from Special Term, Kings County.

Action by the Curtis Bros. Lumber Company against Charles McLoughlin. From a judgment dismissing plaintiff's complaint without costs, it appeals.    Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Walter H. Dodd, for appellant.
Charles A. Webber, for respondent.