MEYER KAMINSKY and Others, Respondents, v. KLASKO FINANCE CORPORATION, Appellant.

First Department, April 9, 1920.

Summary proceedings — suit to enjoin enforcement of final order awarding possession of real property — when temporary injunction may not issue — suit for permanent injunction essential to temporary injunction in suit in equity — injunctive relief where court lacks jurisdiction — petition in summary proceeding establishing relation of landlord and tenant.

By virtue of section 2265 of the Code of Civil Procedure a final order in summary proceedings to recover possession of real property cannot be stayed or suspended by any court or judge except by an order made or undertaking filed upon an appeal from the final order or by an injunction granted in an action against the petitioner, which, however, can only be granted where an injunction could issue to stay proceedings in an action of ejectment brought by petitioner.

Hence, where an order in summary proceedings has awarded possession to the landlord and an appeal therefrom by the tenant is pending, the tenant cannot maintain a suit in equity for the purpose of obtaining a temporary injunction restraining the execution of the final order in the summary proceeding. This, because such suit would not lie to enjoin the execution of the final judgment in an action of ejectment pending an appeal and also because such temporary injunction would only be issued in equity in a suit brought for a permanent injunction.

It seems, that if the Municipal Court, which entertained the summary proceeding, did not have jurisdiction or that the final order was procured by fraud or collusion a suit for a permanent injunction would lie and in that case a temporary injunction might properly issue.

Petition in the summary proceeding examined and held, insufficient to establish that the Municipal Court lacked jurisdiction because the relation of landlord and tenant was not shown.

APPEAL by the defendant, Klasko Finance Corporation, from an order of the Supreme Court made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 13th day of February, 1920, continuing *pendente lite* an injunction order granted *ex parte* enjoining and restraining defendant, during the pendency of the action, from taking any steps under a final order in a summary proceeding in the Municipal Court, Borough of The Bronx, First

District, in favor of defendant, as petitioner and landlord, and against plaintiffs, as tenants, for the possession of certain premises within the territorial jurisdiction of said court.

*Jacob R. Schiff* of counsel [*Samuel W. Dorfman* with him on the brief; *Morrison & Schiff*, attorneys], for the appellant.

*Hyman Pouker*, for the respondents.

LAUGHLIN, J.:

This is a suit in equity to enjoin the execution of a final order in a summary proceeding instituted by the defendant against plaintiffs for the possession of premises owned by defendant in the county of Bronx, known as Nos. 965–1005 Prospect avenue. The complaint shows that the defendant is a domestic corporation and that on the 22d of November, 1919, defendant claiming to be the owner in fee of the premises caused a notice to be served on plaintiffs, who then occupied and still occupy different parts of the premises, requiring them to remove on or before the 1st of January, 1920, and giving notice that on their failure so to do it would institute proceedings to oust them on the ground that they were holding over; that they remained in possession and are still in possession of the premises and that the defendant thereafter instituted proceedings in the Municipal Court, Bronx County, First District, for their removal on the ground that they were in possession holding over after the expiration of their term without the consent of the landlord owing to the fact that the lease from the Zarland Realty Company, under which they claimed, had been canceled and surrendered; that the plaintiffs appeared by attorney and joined issue in the summary proceedings on the 9th of January, 1920, and that the final order was granted therein on the twenty-ninth of that month, but the issuance of the warrant was stayed for five days; that the petition in the summary proceedings was insufficient in law in that it failed to show the relation existing between defendant and the plaintiffs and failed to establish the relationship between them of landlord and tenant, and that by reason thereof the court failed to acquire jurisdiction and consequently was without power or jurisdiction

to make the final order, and that if proceedings under the order are not enjoined, plaintiffs will be unlawfully removed from the premises; that the plaintiffs have duly filed a notice of appeal to the Appellate Term from the final order and intend to prosecute the appeal diligently; that there is no provision of law permitting plaintiffs to obtain a stay of the issuance of the warrant upon the final order pending the appeal except by an injunction in a suit in equity; that the plaintiffs conduct retail stores on the premises and the execution of the order will result in ousting them and terminating their business to their irreparable loss and damage, and in the event of the reversal of the order on the appeal they would be without redress owing to the difficulty of proving their damages and, therefore, they have no adequate remedy at law. Plaintiffs then allege that the summary proceeding " was a conspiracy " between the defendant, Zarland Realty Company, and other companies specified in the complaint, and the officers thereof, " for the purpose of ousting " the plaintiffs from the premises and of depriving them of their rights in the property and in their leases and that the transfers of the premises and the surrender of the leases by the Zarland Realty Company to the several other owners of the premises and the commencement of the summary proceedings " was a conspiracy and fraud to deprive the tenants of their possession " and for the purpose of enabling the defendant to renew leases with the plaintiffs at a greater rental than the rental reserved in the leases under which they held, and that pursuant to the conspiracy and fraud defendant has offered to lease the premises to the plaintiffs at an increased rental. The prayer for relief is that proceedings under the final order be enjoined and that defendant be enjoined from interfering with the continuance of the occupation of the stores by the plaintiffs " pending the final determination of the appeals from the said orders," and for such other and further relief as may be just and proper in the premises.

The Legislature, by section 2265 of the Code of Civil Procedure, has provided that the proceedings before the final order and the issuing or execution of the warrant upon such a final order " cannot be stayed or suspended by any court or judge, except in one of " two methods therein

specified. One of those methods is "by an order made, or an undertaking filed, upon an appeal, in a case and in the manner specially prescribed for that purpose in this title." The other method is by an injunction order granted in an action against the petitioner; but it is provided that "such an injunction shall not be granted before the final order in the special proceeding, except in a case where an injunction would be granted to stay the proceedings, in an action of ejectment, brought by the petitioner, and upon the like terms; or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action, and upon the like terms." It needs no argument to show that an action would not lie to enjoin the execution of final judgment in an ejectment action pending an appeal therefrom and, therefore, it would seem that this injunction order has been granted in violation of the provisions of said section 2265. If it were shown that the Municipal Court did not have jurisdiction of the proceeding or that the final order was procured by fraud or collusion, then a suit would lie for a permanent injunction and a temporary injunction order might properly be issued. (*Sherman* v. *Wright,* 49 N. Y. 227, 232; *Chadwick* v. *Spargur,* 1 Civ. Proc. Rep. 422; *Bliss* v. *Murray,* 17 id. 64; *Jessurun* v. *Mackie,* 24 Hun, 624; *Knox* v. *McDonald,* 25 id. 268; *Armstrong* v. *Cummings,* 20 id. 313; *Koster* v. *Van Schaick,* 11 Daly, 205; *Kaziz* v. *Loft,* 80 N. Y. Supp. 1015; affd., 81 App. Div. 636; 2 McAdam Landl. & Ten. [3d ed.] 1427.) Where, as here, an action is brought for injunctive relief only, in order to warrant a temporary injunction, facts must be alleged which, if established, would warrant a permanent injunction; but in the case at bar the only injunction sought by the final judgment is of a temporary nature and only until the decision on the appeal from the final order. The learned counsel for the respondents attempts to sustain the order on the ground that the Municipal Court was without jurisdiction in that the petition did not show that the relation of landlord and tenant existed between the petitioner and these plaintiffs; but in that we think he is in error. The petition shows that the petitioner "is the owner in fee of, and landlord of the premises" therein described. It

then alleges that on the 11th of August, 1916, one Burns, the then owner of the premises, leased them to one Leitner, for the term of eighteen years from the 11th of August, 1916, by a lease providing that the landlord, in case he sold the premises, had the option to cancel the lease on notice of not less than thirty days to the tenant, and that in that event the term should thereupon cease and terminate, and in that event the tenant should have the use of the premises during the last month without payment of rent. The petition further shows that the tenant assigned the lease to the Zarland Realty Company, which went into possession; that the landlord conveyed the premises to the " 965 Prospect Avenue Corporation " on the 23d day of May, 1919, and it agreed to sell and convey the premises to the College Holding Co., Inc., and gave thirty days' notice to said Zarland Realty Company, requiring it to cancel said lease, and that upon the termination of thirty days the Zarland Realty Company refused to surrender possession, and summary proceedings were instituted by said Prospect Avenue Corporation, as landlord, against it and a final order was made in that proceeding awarding possession to the landlord, and thereupon a warrant was issued requiring the marshal and sheriff to award possession to the landlord; that on the 2d of September, 1919, the Zarland Realty Company having received thirty days' written notice and having been allowed the last month's rent free, executed a cancellation of the lease and surrendered possession of the premises, but that prior thereto and on the 1st of April, 1917, it had entered into an agreement with plaintiff Meyer Kaminsky, as tenant, for the use of the premises for a term of five years from the 1st day of November, 1918, and that the tenant entered into possession and continued in possession after said 2d of September, 1919, and was in possession at the time the summary proceeding was instituted; that the term for which the premises were hired by said Kaminsky by reason of the expiration of the term under the lease under which his landlord held had expired and that he, therefore, held over and continues in possession without permission of the landlord; that thirty days or more prior to the 10th day of January, 1920, there was served upon the tenant in the manner in which a precept in a summary

proceeding is required to be served by law a notice to the effect that the landlord elected to demand possession of the premises and to terminate the tenancy and that unless the tenant removed from the premises on or before the 1st day of January, 1920, the landlord would commence summary proceedings under the statute to remove him. It appears by affidavit that like summary proceedings against other occupants of the premises who are plaintiffs herein were instituted at the same time, but that the proceeding against Meyer Kaminsky only was tried, and it was stipulated that the testimony and the evidence in that case should be considered the testimony in all the cases, and that the jurisdiction of the court was questioned on the ground of the insufficiency of the allegations of the petition with respect to the relation of landlord and tenant as to which no evidence other than the verified petition, which does not appear to have been denied, was offered. It appears by the affidavit of the secretary of the defendant, and is not denied, that on the hearing of the summary proceeding the tenants contended that the defendant had recognized the leases by accepting rent from them for the months of September and October, 1919, and that thereby there was an attornment between defendant as landlord and plaintiffs as tenants. The evidence taken on the hearing of the summary proceedings is not in the record. Since this affidavit is not denied, we must assume that it is true and it would remove any question, if there were any, with respect to whether there was want of jurisdiction arising out of a failure sufficiently to show the relation of landlord and tenant. The record does not clearly disclose whether in the summary proceeding plaintiffs showed that they paid rent to defendant, after it acquired title or whether they merely made a claim to that effect and, therefore, it does not appear whether the final order was granted on the theory that there was no evidence of such payment or that it was for use and occupation and not for rent under the leases under which the plaintiffs held, but that is not material to the decision of the point now presented for it does not relate to the jurisdiction of the court. The Municipal Court had jurisdiction of summary proceedings and the petition suffi-

ciently showed the relationship of landlord and tenant between the parties. The charges in the complaint with respect to a conspiracy are mere conclusions. No facts are alleged upon which the validity of the final order may be attacked or reviewed collaterally. No point is presented by the complaint and affidavits which it was not competent for the Municipal Court to decide and which may not be reviewed on the appeal from the final order. The plaintiffs, therefore, show no cause of action entitling them to a judgment for equitable relief or to the injunction order.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.