People ex rel. Nathan Halperin and Israel Halperin, Relators, *v.* Jacob S. Strahl, a Justice of the Munic-ipal Court of the City of New York, and Edward Dimin.

(Supreme Court, Kings Special Term, August, 1920.)

Writ of prohibition — when granted — Municipal Court of city of New York — summary proceedings — landlord and tenant.

The Municipal Court of the city of New York has no power to vacate a warrant in favor of the landlord issued in a sum-mary proceeding to remove a tenant for holding over.

Where on the return of an order to show cause why such a warrant should not be vacated, no claim is made that there was any mistake or error in the issuance of the warrant, and it appears that the justice proposed to hear and grant the motion, an alternative writ of prohibition theretofore granted will be made absolute.

Application for a writ of prohibition.

Richards, Conway & Smyth, for relators.

Julius Appelbaum, for respondent justice.

Harry Dimin, for respondent tenant.

Van Siclen, J. This is an application for a writ of prohibition. It appears that a summary proceeding to remove a tenant holding over was heretofore brought in the Municipal Court of the city of New York, and after a trial judgment was rendered in favor of the landlord. The court which heard the trial stayed the issuance of the warrant on condition that the tenant deposit the specified rent in court on or before July 3, 1920, and in default thereof the warrant should issue forthwith. The same disposition was made in the cases of several tenants having the same landlord. All the tenants affected paid the rent as directed on or before July 3, 1920, except the two tenants affected hereby. The rent not having been paid by them according to the terms of the stay the clerk of the court on July 7, 1920, issued the warrant.

On July 9, 1920, a justice of the Municipal Court other than the one granting the final order but sitting in the same district in which the summary proceeding in question had been pending by a note in writing and deposited with the papers in the proceeding purported to " permit and direct the clerk to receive " on July 9, 1920, from these tenants the rent which should have been paid on July 3, 1920. Thereafter the tenants procured from another justice of the Municipal Court an order to show cause why the warrant in the proceeding should not be vacated. In the meantime a city marshal had commenced the execution of the warrants. The order to show cause came on for argument before the justice who directed the clerk to receive the rent after default. The motion to vacate the warrants was not disposed of because the landlord served upon the justice, as soon as he appeared inclined to take up and dispose of the motion, the alternative writ of prohibition issued out of this court. It is claimed and there is foundation for the claim in the utterances accredited

to the justice in question and by an affidavit filed herein, it may be said to appear that the justice in question proposed to hear the application to vacate the warrant and grant it. This application is for a writ prohibiting the vacation of the warrant.

Section 2265 of the Code of Civil Procedure provides that the *issuance* and *execution* of the warrant in a summary proceeding may be " stayed " or " suspended " by an order made, or an undertaking filed upon an appeal, or by an injunction in an action in the Supreme Court. There is no provision therein for vacating a warrant already issued. Nor is the application in the cases at bar predicated upon a contemplated appeal.

Chapter 137 of the Laws of 1920, known as the emergency legislation, provides in section 3 that the " court, judge or justice making such order [final order] may * * * stay the issuance of· a warrant " under certain conditions. It is under the provision of this and sections 4 and 5 of this act that the original stay was granted.

As part of the recent emergency legislation section 6, subdivision 3 of the Municipal Court Code was amended granting to the court power " to grant or vacate a stay of execution * * * of a warrant in summary proceedings * * * for not more than thirty days " provided the rent for the period of stay is deposited in court. This amendment merely extended the time in which the execution of a warrant in summary proceedings might be stayed, from five to thirty days upon the condition specified. There is no power granted in this section to vacate a warrant already issued. It would seem also from the wording of this section that the stay of execution can be granted only upon rendering (*i. e.*, at the time of making) the final order.

The court has been unable to find and neither the

justice of the Municipal Court nor the tenant has pointed out any provision in the statutes affecting summary proceedings or in the Municipal Code which gives or even appears to grant to the Municipal Court the power to vacate a warrant in summary proceedings that has already been issued.

The use of the words " court, judge or justice " making the final order appears to have no particular significance herein because it appears that by section 2234 of the Code of Civil Procedure jurisdiction of these summary proceedings to recover possession of land was given to various judges and justices and to the District Court in the city of New York. The Municipal Court of the city of New York superseded the Old District Courts and by subdivision 2 of section 6 of the Municipal Court Code the Municipal Court of the city of New York is given jurisdiction of these summary proceedings. The same section provides that the warrant in summary proceeding shall be issued over the signature of the clerk, going to show that its issuance is a ministerial act in aid of the judgment and final order made in the proceeding. So that the expression " court, judge or justice " was necessary to properly refer to the various tribunals having jurisdiction in the first instance.

The justice in question has made a return to the alternative writ but the same is silent as to all of the facts and circumstances of the cases previous to the return day of the motions in the Municipal Court. The facts previous to that date as they are herein recited are taken from the moving papers and not being controverted by the tenants are assumed to be true. The return is likewise silent as to the circumstances under which the rent was brought into court after the issuance of the warrant and the purpose which was to be served by directing the clerk to receive the rent two

days after the warrants had been issued and six days after the date fixed by the court which rendered the final order.

It is not claimed that there was any mistake or error in the issuance of the warrant which the tenant seeks to vacate. In fact the tenant does not seem to have been stirred to activity in complying with the terms of the stay of the issuance of the warrant until after the warrant had been actually issued. No complaint is directed at the judgment as rendered. No appeal has been taken or is contemplated. No excuse or explanation is offered by the tenant for not complying with the terms made by the justice granting the final order under which the issuance of the warrant was stayed.

It appears that the tenant is seeking a relief which the Municipal Court has no power or jurisdiction to grant. This proceeding was wholly ended as far as the Municipal Court was concerned when the warrant actually issued and after that incident the power of the court in the premises ceased. The granting of the order to show cause was ineffective except as a notice of motion. It does not appear that the court has any power or jurisdiction to vacate a warrant in summary proceedings after the same has been properly issued.

The writ of prohibition is preventive rather than corrective.

" The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which, by the suggestion of the relator, the court is informed he is about to do." *United States* v. *Hoffman,* 4 Wall. 158.

It lies to prevent the exercise of an unauthorized power in a cause or proceeding of which the subordinate tribunal has jurisdiction, and its scope ought not to be abridged, as it is far better to prevent the exer-

cise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed. *Quimbo Appo* v. *People,* 20 N. Y. 531. It follows, therefore, that the alternative writ heretofore granted should be made absolute.

Ordered accordingly.