The People of the State of New York ex rel. 45 East 57th Street Company, Inc., Respondent, *v.* William Chilvers and Another, Justices of the Municipal Court, and Another, Appellants.

First Department, July 2, 1924.

Summary proceedings to dispossess — vacating final order in Municipal Court of City of New York — Municipal Court has power under New York City Municipal Court Code, § 6, subd. 7, and Civil Practice Act, § 1447, to vacate final order on application by tenant — order of Supreme Court restraining Municipal Court from entertaining motion to vacate order reversed.

The Municipal Court of the City of New York has jurisdiction under subdivision 7 of section 6 of the New York City Municipal Court Code and section 1447 of the Civil Practice Act to vacate a final order in summary proceedings to dispossess on application by the tenant, and, therefore, an order of the Supreme Court prohibiting the Municipal Court from entertaining a motion for that purpose will be reversed.

Appeal by the defendants, William Chilvers and others, from a final order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1924, containing an absolute prohibition against the defendants and vacating and annulling proceedings theretofore had in dispossess proceedings staying the plaintiff herein and the city marshal from taking any further proceedings.

*George P. Nicholson, Corporation Counsel [Henry J. Shields* of counsel; *John·F. O'Brien* and *Russell Lord Tarbox* with him on the brief], for the appellants Chilvers and Genung.

*Breckenridge & Wight [George P. Breckenridge* of counsel], for the appellant Fall.

*McQuistion & Malcolm [Victor McQuistion* of counsel], for the respondent.

Martin, J.:

Relator herein, 45 East 57th Street Company, Inc., commenced a summary dispossess proceeding against the defendant Barbara Fall in the Municipal Court, Borough of Manhattan, Ninth District, to remove the defendant from premises No. 28 West Fifty-eighth street for non-payment of rent. On the return day of the precept in that proceeding the defendant appeared but

defaulted in the presentation of any defense, and asked for an extension of time to " pay or move." The justice who presided granted the application. On April first defendant's representative appeared in court and requested a further extension of time. She says that this request was granted to remain effective until April fourth. Relator differs with the tenant regarding what happened on April first, and says that the justice indicated his intention to sign the final order as of April first. The trial justice did not sign the final order on that date, but signed it on April third, at the relator's request; thereupon the warrant was issued. The defendant Barbara Fall appeared in court on April fourth to pay the rent, but the warrant having been issued the clerk refused to accept it. She then procured an order to show cause from another justice, ordering the relator to show cause in the Municipal Court on April 7, 1924, why the warrant should not be vacated and the tenant permitted to defend the proceeding or pay the rent, containing a temporary stay of all proceedings under the warrant. This application came on for hearing before Justice CHILVERS who announced that he would hold the disposition thereof until the next day to permit the tenant to submit authorities.

After the submission of the motion, but before decision, the relator procured an order to show cause in the Supreme Court why an order of prohibition should not issue restraining Justice GENUNG and Justice CHILVERS from all action upon the application in the Municipal Court. When this motion for a prohibition order came on before the Special Term of the Supreme Court, the application was granted in a memorandum reading as follows:

" *People ex rel. 45 East 57th Street Company, Inc.,* v. *Chilvers et al.* The facts disclosed by the papers seem to bring this proceeding squarely within the authority of *People ex rel. Halperin* v. *Strahl* (113 Misc. Rep. 23; 184 N. Y. Supp. 710) and *Myers* v. *Cohen* (186 N. Y. Supp. 606; affd., 196 App. Div. 968) and the petitioner is, therefore, entitled to a final order containing an absolute prohibition in accordance with section 1353 of the Civil Practice Act. No costs. Settle order on notice."

This appeal is from the order entered on that decision. The court held that the Municipal Court had no jurisdiction to entertain the tenant's motion. If the court had jurisdiction this order must be reversed.

The New York City Municipal Court Code (Laws of 1915, chap. 279) provides in subdivision 7 of section 6 that " The Municipal Court of the City of New York shall have jurisdiction: * * * 7. To open a default; to direct or set aside a verdict; to vacate, amend, correct or modify any process, mandate, judgment, order

**260** People ex rel. 45 East 57th St. Co., Inc., *v.* Chilvers.

First Department, July, 1924. [Vol. 210]

or final order, in furtherance of justice, for any error in form or substance; to grant a new trial upon any of the grounds for which a new trial may be granted by the Supreme Court in an action pending therein, including the grounds of fraud and newly discovered evidence."

Such power was expressly enlarged and extended to landlord and tenant proceedings by the provisions of chapter 950 of the Laws of 1920, which is as follows:

" Section 1. Title two of chapter seventeen of the Code of Civil Procedure is hereby amended by adding thereto a new section, to be section twenty-two hundred and sixty-five-a, to read as follows:

" § 2265-a. Whenever the court in which the proceedings are brought has jurisdiction to vacate a final order rendered upon the default of the tenant, the court or a judge or justice thereof, may, pending a motion to vacate a final order rendered upon the default of the tenant, stay the execution of the warrant which was issued upon such default and shall, upon the vacation of such final order, vacate and set aside such warrant."

The latter section was transferred to the Civil Practice Act by chapter 199 of the Laws of 1921, and is now section 1447 of the Civil Practice Act.

By these statutory enactments the Municipal Court is given the power to vacate a final order, entered upon the default of the tenant and to grant a stay of execution of the warrant pending the hearing to vacate the order and warrant. There being jurisdiction in the court to hear the matter, any error in the disposition thereof may be reviewed on appeal.

The case of *People ex rel. Halperin* v. *Strahl* (113 Misc. Rep. 23), cited in *Myers* v. *Cohen* (186 N. Y. Supp. 606), appears to be based upon the statute prior to its amendment. When the Legislature on the 27th day of September, 1920, passed this act expressly giving such power to the Municipal Court, it was to remedy the condition pointed out in *People ex rel. Halperin* v. *Strahl* (113 Misc. Rep. 23). That is shown by the note of the joint legislative committee on housing, in a supplement to its report, containing the September Rent Laws of 1920 with explanatory notes, submitted to the special session of the Legislature held in September, 1920, which note is as follows: " It was found that a very anomalous situation had existed in our statutes for a long time. If a tenant had by chance failed to answer a precept and the final order was rendered against him by default and the warrant issued, there was no power in the court to vacate its warrant. This was so no matter how meritorious the excuse for the default might be. The only remedy was

a troublesome application to the Supreme Court for an injunction. This bill remedies that defect and gives the court issuing the warrant power to vacate the warrant." (See State Legis. Ref. Library at Albany, No. 2043 [747], p. 27.)

Express authority having been conferred on the Municipal Court to open a default or vacate or stay a final order or warrant, the court had jurisdiction.

In the case of *Appo* v. *People* (20 N. Y. 531) the court said (at p. 540): "The office of this writ [prohibition] is, to restrain subordinate courts and inferior judicial tribunals of every kind from exceeding their jurisdiction. It is an ancient and valuable writ, and one the use of which in all proper cases should be upheld and encouraged, as it is important to the due and regular administration of justice that each tribunal should confine itself to the exercise of those powers with which, under the Constitution and laws of the State, it has been intrusted."

Jurisdiction having been expressly conferred by statute, the justices of the Municipal Court were well within their power in granting an order to show cause and in entertaining a motion to set aside the order or warrant granted in the summary proceedings.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.