NICHOLAS CHRISTATOS, Respondent, *v.* UNITED CIGAR STORES COMPANY OF AMERICA, Appellant.*

Supreme Court, Appellate Term, First Department, July 18, 1932.

*Sullivan & Cromwell* [*Emery H. Sykes* and *Alexander M. Grean, Jr.*, of counsel], for the appellant.

*Bennett E. Seigelstein*, for the respondent.

UNTERMYER, J. In 1924 the defendant entered into possession of premises situated at Sixth avenue and Fifty-eighth street, New York city, under a sublease expiring in 1934. In September, 1931, summary proceedings for non-payment of rent were instituted by this plaintiff, as lessor, against the lessee and its assignee, but the sublessee, the defendant here, was not a party to that proceeding. On October 15, 1931, a final order in favor of the landlord was made and a warrant issued therein was executed October 26, 1931. Thereafter and on October 30, 1931, the dispossessed sublessor made and delivered an assignment of the sublease to the plaintiff. This action was against the sublessee to recover rent for the month of December.

Although the trial judge found, and in that finding I concur, that there was no attornment by the defendant to the plaintiff, he gave judgment in favor of the plaintiff for the December rent. The appellant, relying principally upon *Hoffmann Brewing Co.* v. *Wuttge* (234 N. Y. 469); *Zeiss* v. *Wurster* (139 Misc. 538); *Ash* v.

---

*Purnell* (16 Daly, 189), and *McDonald* v. *May* (96 Mo. App. 236), maintains that the issuance of the warrant in the summary proceeding, even though the defendant was not a party thereto, terminated the defendant's sublease, because the estate of a sublessee is carved out of the estate of his lessor and, therefore, cannot, it is said, survive its extinction. I do not deem it necessary to decide that question here, since I am of opinion that for other reasons the judgment appealed from cannot be sustained.

The trial judge, upon the authority of *Metropolitan Life Ins. Co.* v. *Childs Co.* (230 N. Y. 285, 289), concluded that the plaintiff was entitled to maintain this action because he was both the owner of the fee and, under the assignment of the sublease made to the plaintiff after the execution of the warrant, the assignee of the defendant's landlord. But the rights of subtenants were not involved nor considered in that case. There it was decided that the lessee, stricken out as a party defendant after the entry of judgment in foreclosure, was liable to the purchaser for rent accruing subsequent to the sale. However, the purchaser in that case, in the absence of attornment, could not have maintained an action against a subtenant for rent, since there is neither privity of contract nor of estate between the over-landlord and the subtenant. (*McFarlan* v. *Watson*, 3 N. Y. 286.) Section 223 of the Real Property Law has no application to subtenancies. Manifestly it does not endow the grantee of real property with greater rights than the grantor or lessor possessed.

It is equally clear that after the issuance of the warrant the sublessor could not assign the sublease to the plaintiff. Only by virtue of the lease was the lessee enabled to make any sublease of the premises. The lessee's rights as sublessor were dependent upon the continued existence of the lease, and the cancellation of the lease by the dispossess proceeding (Civ. Prac. Act, § 1434) effectively terminated the lessee's rights as sublessor.

Our decision does not, however, leave the plaintiff without remedy against the undertenant, who was unaffected at least as to his right of possession by a summary proceeding to which he was not a party. (*Croft* v. *King,* 8 Daly, 265.) Apart from his right to institute a subsequent proceeding joining the subtenant (*Onward Construction Co.* v. *Lobel*, App. Term, First Dept. April, 1930; Keogh Sum. Proc. 213), the plaintiff may recover for use and occupation notwithstanding that the relation of landlord and tenant does not exist. (*City of New York* v. *Fink*, 130 Misc. 620.)

Judgment reversed, with thirty dollars costs, and judgment directed for defendant, with costs.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ,