D. A. SCHULTE, INC., Respondent, v. MAURICE CROSS, Appellant.

Supreme Court, Appellate Term, First Department, February, 1933.

*Goldfarb & Fleece* [*Martin D. Jacobs* of counsel], for the appellant.

*Arthur M. Loeb* [*Sidney B. Moskovitz* of counsel], for the respondent.

PER CURIAM. The complaint states a cause of action in favor of plaintiff, assignee of a sublease made by its tenant 575 Eighth Avenue Corporation to the defendant, for rent alleged to be due by the defendant-undertenant, and the judgment awards plaintiff $2,000 for four months' rent beginning February 1, 1931.

The defense is that the landlord brought summary proceedings against the tenant 575 Eighth Avenue Corporation for non-payment of rent due January 22, 1931, and that in said proceeding a final order was issued and executed January 29, 1931, the defendant-undertenant removing from the premises.

The assignment of the sublease by the plaintiff's tenant to the plaintiff is claimed to have been created under the following covenant of the principal lease:

" *Nineteenth.* In the circumstances hereinafter mentioned, the lessee hereby assigns, transfers and sets over to the lessor, its successors and assigns, such of the sub-leases now outstanding and those which the lessee may hereafter make of the demised premises, and of all parts thereof, as said lessor may select, as well as all rent or other sums of money which may hereafter become due and payable thereunder to the lessee herein, upon condition, however, that this assignment shall become operative and effective only in the event that this lease and the term hereby granted is cancelled or terminated pursuant to the provisions hereof or in the event of the issuance of a warrent of dispossess or other re-entry or repossession by the lessor under the provisions hereof."

As the issuing of the warrant in the summary proceeding canceled the principal lease (Civ. Prac. Act, § 1434) as of the time of the issuing of the precept, the provisions of paragraph nineteenth relied upon could not after such cancellation effect an assignment of the sublease, which as between the plaintiff and the lessee, at least, depended for its existence upon the principal lease. It is true that the defendant-undertenant, apparently not a party to the summary proceeding, could not have been dispossessed by the warrant if he had chosen to remain in possession; but here he did in fact remove pursuant to the issuance of the warrant. It is evident, therefore, that the provisions of paragraph nineteenth did not create the relation of landlord and tenant between plaintiff and

defendant, and the right of the plaintiff to rent upon the theory of assignment of the sublease cannot be sustained. (*Christatos* v. *United Cigar Stores Co., Inc.*, 144 Misc. 322.)

It appears, however, that in March following the defendant's abandonment of possession after the issuance of the warrant in the first proceeding the plaintiff brought summary proceedings against this defendant and M. Cross & Son, Inc., for non-payment of the February and March rent, that no answer was served therein, but a stipulation was made by the landlord's attorney with the attorneys for the defendant and the said corporation that "upon the entry of a final order in the above proceeding on account of default, no money judgment will be entered by reason thereof in said proceeding without prejudice, however, to the rights of the landlord to bring any other action for the recovery of rents now due or which may thereafter become due."

Plaintiff maintains that the final order in the second summary proceeding concludes the defendant as to the existence of the relation of landlord and tenant between the parties to this action and appellant's attorneys make no effective answer to that contention.

It is apparent, however, from a reading of the petition in the second summary proceeding that the landlord cannot invoke the doctrine of *res adjudicata.* That proceeding having been brought for non-payment of rent it was essential that the petition show that the relation of landlord and tenant existed between the parties. While the petition fully alleges the landlord's chain of title so as to show that the assignment to the landlord of the principal lease under which this defendant's landlord held possession, such an assignment does not create the relation of landlord and tenant between the assignee of the principal lease and the tenant of the lessee, that is between the landlord, plaintiff herein, and the sub-tenant, this defendant.

In attempting in paragraph seventh of the petition in the subsequent proceeding to set out the conventional relation between the parties it is alleged "that thereafter and on or about the 29th day of January, 1931, the landlord herein secured possession, subject to the possession of subtenants, of the premises as first above described, of which the premises secondly herein described are a part, by the execution of a warrant in summary proceedings and by virtue thereof, became the landlord of the tenants herein named." But the execution of a warrant in summary proceedings brought by a landlord against his lessee cannot make a subtenant, not a party to the proceeding, a tenant of the landlord in the absence of attornment by the subtenant; and the allegation that the latter

became the tenant of the landlord " by virtue thereof " is a mere conclusion of law.

As the petition in the second proceeding failed to show the existence of the conventional relation, the court had no jurisdiction and the final order in the second proceeding is inoperative. (Keogh Landl. & Ten. Summary Proceedings, 227, 304.)

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.

All concur; present, LYDON, FRANKENTHALER and UNTERMYER, JJ.