524 EAST 73RD ST. GARAGE, INC., Respondent, *v.* PANTEX MILLS, INC., Appellant.

First Department, February 14, 1949.

*Henry Epstein* of counsel (*Julian Oshlag* and *Sidney Rhodes* with him on the brief; *Julian Oshlag,* attorney), for appellant.

*Irving Abraham* of counsel (*Henry Lichtig,* attorney), for respondent.

SHIENTAG, J. This action was brought by a tenant for a permanent injunction restraining defendant landlord from procuring a warrant to dispossess the tenant pursuant to a final order of dispossess granted April 23, 1947.

According to the complaint, the tenant was in possession under a lease given by a prior landlord. The present landlord, in February, 1947, immediately after purchasing the premises, exercised its right under a cancellation clause in the lease and commenced summary proceedings to recover the premises for use in good faith to conduct its own business therein. It

is alleged that, prior to the return date of the summary proceeding, the landlord's president made representations to the tenant's president that the allegations of the petition were true and correct and that in reliance on these representations the tenant was induced to stipulate to the entry of a final order granting possession to the landlord with a stay of execution until August 31, 1948, some nineteen months. The terms of the stipulation were embodied in a final order entered April 23, 1947. It is further alleged that, commencing in November, 1947, defendant's president, Panzer, began negotiating with the tenant for a new lease and that during the pendency of these negotiations he stated that the representations made in the summary proceeding petition were false and untrue, and that, on the contrary, the landlord had instituted the summary proceeding as a device to increase the tenant's rent under a new lease.

Assuming the truth of these allegations, we are presented with a situation in which a party to a summary proceeding who has agreed to a final order is now in this collateral action attempting to attack the *bona fides* of the settlement of that action on theory that it was based on misrepresentations of facts which were in issue in the summary proceeding.

In *Crouse* v. *McVickar* (207 N. Y. 213) the Court of Appeals laid down the conditions under which a judgment can be set aside for fraud by an action brought for that purpose. It was there held that the fraud for which a judgment can be impeached must be in some matter other than the issue in controversy in the action. (See, also, *Rothschild* v. *Title Guarantee & Trust Co.,* 204 N. Y. 458; *David* v. *Fayman,* 273 App. Div. 408, affd. 298 N. Y. 669.)

On the face of this complaint, the only fraud complained of is intrinsic fraud, that is, fraud as to an issue which was involved in the Municipal Court proceeding. The situation is not changed by the fact that the decree sought to be vacated rests on a stipulation. As was said in *Crouse* v. *McVickar* (*supra*) : " If perjury in that respect made on the witness stand and inducing a court or jury to render an erroneous decision would not support an action to set aside the judgment, it is difficult to see why it should be of more moment because it frightened the parties into a compromise." (P. 219.)

It is unnecessary to discuss the question of estoppel in this case, but a word may be said of the authority relied on by the tenant, namely, *H. & H. Poultry Corp. of N. Y.* v. *Baum & Co.* (273 App. Div. 995). In that case the tenants, having exhausted all their remedies in the Municipal Court and while

still awaiting a decision from the Appellate Term on their application for leave to appeal from the order denying their motion to vacate the judgment, asked relief in a court of equity, the only court which had power to stay the execution of the final order, and that court, on the particular facts of that case, granted the stay. In the present case the tenant has made no motion in the Municipal Court for any relief to which it may be entitled on the facts. The proceeding is deemed to be still pending in that court until a warrant of dispossess is exhausted. Tenant accordingly has an adequate remedy for the alleged fraud by moving for the appropriate relief in the Municipal Court. (*Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419; *Whitmarsh* v. *Farnell*, 298 N. Y. 336, 334.)

The order should be reversed, the tenant's motion for a temporary injunction should be denied, and the landlord's cross motion to dismiss the complaint for failure to state a cause of action should be granted.

PECK, P. J., GLENNON, COHN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the tenant's motion denied and the landlord's cross motion granted.