HANOVER BANK, Landlord, Appellant, *v.* NICHOLAS DE KOENIGSBERG, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1954.

*Manfred Nathan* for appellant.

*David Haimes* and *Lewis Perkiss* for respondent.

*Per Curiam.* By leave of the court below the landlord appeals from said order.

On the application for '' extension '' of the stay the tenant states that he did not receive notice of the decision from the court or the landlord's attorney; '' that deponent was out of town, and when he returned on September 30, 1954 he found out that the decision had been rendered and the stay had expired ''; and that on September 30th an eviction notice was discovered by the tenant under the door of the apartment.

Section 1434 of the Civil Practice Act provides that '' The issuing of a warrant for the removal of a tenant from demised

premises cancels the agreements for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant ''.

Nor can the execution of the warrant be stayed except as provided in section 1443 of the Civil Practice Act by giving the security on appeal prescribed in said section.

Section 1446 of the Civil Practice Act provides: '' Where a petition is presented, as prescribed in this article, the proceedings thereupon before the final order, and if the final order awards delivery of the possession to the petitioner, the issuing or execution of the warrant thereupon, cannot be stayed or suspended by any court or judge, except in one of the following methods * * *.''

The exceptions, in effect, are where an appeal has been taken from a final order — the warrant not having been issued — or an action is brought for injunctive relief.

Section 1447 of the Civil Practice Act, applicable to final order rendered on default of appearance, is also an exception. (See *Hendricks* v. *Ergis,* 66 N. Y. S. 2d 349.)

*Whitmarsh* v. *Farnell* (298 N. Y. 336) cited by tenant's attorney is inapplicable. In that case the Legislature in the housing emergency of 1948 authorized a provision of the local emergency statute restricting evictions, excepting for nonpayment of rent. Nor are the other cases relied upon by the tenant (excepting a dissenting opinion) applicable to the facts here.

The landlord's affidavit opposing extension of the stay shows that since the commencement of the proceeding no rent was paid for the months of September and October, 1954, amounting to $936.76.

Although the attorney for the tenant has a large office, as stated by appellant's attorney, and availed himself of the service of another attorney on a prior motion in this matter, neither he nor any associate or employee made any effort to ascertain the court's decision.

Neither the Judge nor his secretary was required to notify the tenant's attorney of the decision.

The landlord's attorney further points out by his affidavit that if the tenant's testimony on the trial is to be believed he had been living for a number of months prior to and on the date of the trial at other premises located at Pinehurst Avenue and 183rd Street, where he rented an apartment and was living with his wife and family.

The order should be reversed, with $10 costs, motion denied, and stay vacated, without prejudice to application by tenant for equitable relief.

HOFSTADTER, J. (dissenting). In my dissent in *Wassel* v. *Reimer* (119 N. Y. S. 2d 33) I expressed the view that *Hendricks* v. *Ergis* (66 N. Y. S. 2d 349) decided by a divided court, did not lay down the rigid, undeviating rule that the moment a warrant is issued, it is beyond the reach of the court. Because I still so read *Hendricks* v. *Ergis* (*supra*) I feel justified in dissenting in this case, where, as pointed out by the Trial Justice himself, the failure of his secretary to notify the parties of his decision, rendered some time after the conclusion of the trial, imperatively demanded a further stay. If I misinterpret *Hendricks* v. *Ergis* (*supra*) I think this court should now reconsider that decision, for I am unable to persuade myself that a warrant, still unexecuted, is not a process of the court and, as such, subject to the court's control over it. Entertaining this view, and for the reasons stated in *Wassel* v. *Reimer* (*supra*), I dissent.

HAMMER and HECHT, JJ., concur in *Per Curiam* opinion; HOFSTADTER, J., dissents in memorandum.

Order reversed, etc.