Matthew M. Levy, J.
The petitioner seeks a writ of prohibition, pursuant to article 78 of the Civil Practice Act, against the respondent Stoute, a Justice of the Municipal Court of the City of New York, and, in effect, all of his colleagues. The relevant allegations of the petition follow in substance: The petitioner is the owner of certain premises. One “ John ” Gilliam (first name “ John ” being fictitious) is its tenant. The monthly rent is $37.95. The rent due was not paid by the tenant for two months. Summary proceedings because of such nonpayment were instituted by the petitioner against the tenant in the Municipal Court. The tenant interposed an answer. It was stipulated, on the trial, that a final order with a five-day stay should be entered in favor of the petitioner. The final order so entered called for $75.90 (two months rent) plus $4 (court costs). The stay of five days expired on August 15, 1956. A warrant was issued on August 16, 1956. The rent of $75.90 (without the $4 costs) was mailed to the petitioner on August 16,1956. No allegation is set forth — one way or the other — as to whether the rent so tendered was or was not accepted. The petitioner then alleges that (and here I quote in full): “ 10. On the 20th day of August, 1956; Hon. Herman C. Stoute, Justice of the Municipal Court, caused to be issued an Order to Show Cause, even though he was without jurisdiction in the case; since on the issuance of a warrant, the Municipal Court loses jurisdiction ”. The petitioner seeks an order prohibiting Judge Stoute or any other justice of the Municipal Court ‘ ‘ from exercising any jurisdiction and/or the making of any order ” in the summary proceeding referred to. The respondents have cross-moved to dismiss the petition on objection in point of law pursuant to the provisions of section 1293 of the Civil Practice Act.
Of course, if the Municipal Court lacks jurisdiction, this court may prohibit it from proceeding (see People ex rel. 45 East 57th St. Co. v. Chilvers, 210 App. Div. 258). And a number of precedents have been cited by the petitioner in support of the proposition that upon the mere “issuance”* of the warrant “ the proceeding was ended ” and “ the power of the Municipal *367 Court had ceased ” (Hanover Bank v. De Koenigsberg, 207 Misc. 1088, affd. 285 App. Div. 928; People ex rel. Halperin v. Strahl, 113 Misc. 23; Myers v. Cohen, 186 N. Y. S. 606, affd. 196 App. Div. 968; Hendricks v. Ergis, 66 N. Y. S. 2d 349; Judon v. Butler, 97 N. Y. S. 2d 798; Wasset v. Reimer, 119 N. Y. S. 2d 33). But the language of the cases must be read in the light of the specific relief requested by the tenant in those cases. I do not believe that every judicial act in a summary proceeding subsequent to the issuance of the warrant is beyond the jurisdictional competence of the Municipal Court. I can conceive of a number of such acts which would be forbidden, and others that are legally permissible. I do not deem it appropriate to pin-point them here. And I can conceive, too, of some factual circumstances where the summary proceeding is not entirely at an end and the Municipal Court is not completely functus officio (cf. Matter of Walker v. Ribotsky, 275 App. Div. 112, 114; Whitmarsh v. Farnell, 298 N. Y. 336). And, similarly, I shall not attempt to note those circumstances now.
Suffice it to say that, if I am right in either premise, the petition presently before me is quite inadequate and must be dismissed for insufficiency. Even when construing the allegations of the petition most favorably to the pleader (Harrison v. Winchell, 207 Misc. 275, 278), I cannot ignore a fundamental defect or overlook a glaring omission — particularly in this type of proceeding. There is a basic difficulty, in that regard, with the petitioner’s presentation of its purported grievance in this court. The petitioner complains of the allegedly void act of a judicial officer in the issuance of an order to show cause, but nowhere is there an allegation of any wrong or injustice to the petitioner — committed or likely. Nor can I gather the possible claim of injury from the four corners of the record in the Municipal Court, for the petitioner has failed to submit any of the documents of the Municipal Court giving rise to the charge of illegality. It has even neglected to attach to or make a part of the petition the very order to show cause (or a true copy thereof) — allegedly issued by the Justice of the Municipal Court coram non judice and attacked by the petitioner as extrajudicial. Nor has the petitioner alleged the fact or substance of what the offending order to show cause purports to be or to do or what the petitioner (assuming that the order is directed to the petitioner) is required to meet on the specified return date of the show-cause order. The harmless transgression (if transgression it be) resulting from the naked issuance by a court — normally having jurisdiction in the premises — of a barren order to show cause (which in effect may be nothing more than a notice of *368 motion) does not, in my view, justify the granting of a writ of prohibition against that court or any of its justices.
If the issuance of the order to show cause in question was beyond Judge Stotjte’s power, the petitioner need not despair that it would be unable to obtain adequate redress in the Municipal Court itself. It could move to vacate the order to show cause. It could oppose the application on jurisdictional grounds on its return date. Moreover, it could appeal from an adverse determination. That is not to say that, in a proper case, the Municipal Court and its justices might not be prohibited by this court from proceeding under the void order to show cause. I point to these normal features of relief merely to show that the petitioner is not without remedy. And, in such case, the order of prohibition should be sparingly granted, if at all. Indeed, so serious, extraordinary and drastic is the writ here applied for that it cannot be issued unless the petitioner is clearly entitled to obtain it (Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26, 39). Thus, a petition for an order of prohibition under article 78 of the Civil Practice Act which does not duly aver factual allegations justifying the relief prayed for is insufficient and must be dismissed (Matter of 609 Holding Corp. v. Burke, 202 Misc. 709, affd. 281 App. Div. 678).
Accordingly, the petitioner’s motion for an order of prohibition is denied, and the cross motion of the respondents to dismiss the petition is granted, with leave to the petitioner to serve an amended petition within 20 days after the service of a copy of the order hereon with notice of entry.

 Compare 524 East 73rd St. Garage v. Pantex Mills, 274 App. Div. 617, 619, where the court said: “ The [summary] proceeding [in the Municipal Court] is deemed to he still pending in that court until a warrant of disposses is exhausted” (italics mine).