Per Curiam.

Where a final order has been granted and eviction warrant has been issued, after trial in a summary proceeding for nonpayment of rent, the Municipal Court has no jurisdiction to set aside the final order and warrant. (Hanover Bank v. De Koenigsberg, 207 Misc. 1088, affd. no opinion 285 App. Div. 928; Wassel v. Reimer, 119 N. Y. S. 2d 33; Hendricks v. Ergis, 66 N. Y. S. 2d 349). The issuance of the warrant terminated the relationship of landlord and tenant and the Municipal Court loses jurisdiction of the parties where the final order and warrant has been issued after a trial (16-18 East 30th St. Realty Corp. v. Feller, 191 N. Y. S. 332; Schulte, Inc., v. Cross, 146 Misc. 763; Christatos v. United Cigar Stores Co., 144 Misc. 322; Mann v. Munch Brewery, 225 N. Y. 189, 194; Hewen Co. v. Thibaut Realty Co., 154 Misc. 687, 698).
The order should be reversed, with $10 costs, and final order and warrant for landlord reinstated, with costs.
Aueelio and Tilzeb, JJ., concur; Hofstadteb, J., dissents.
Order reversed, etc.