FRANCES DAVID, Appellant, *v.* BELCLARE ESTATES, INC., Respondent.

First Department, March 29, 1960.

*Amos S. Basel* of counsel (*Edward Morrison* with him on the brief), for appellant.

*Leon Axelrod* of counsel (*Axelrod & Jaffe,* attorneys), for respondent.

*Per Curiam.* In the underlying summary proceeding the tenant was not represented or advised by counsel. She failed to pay the rent required by the final order of the Municipal Court in such proceeding, before the expiration of a 10-day stay, due to an alleged lack of understanding of the terms of the order. In consequence, the tenant faces eviction under the warrant.

While the law in this area requires painstaking distinctions, it is conceded by the parties and is therefore accepted that, in this action for an injunction staying execution of the warrant to dispossess tenant, the tenant may not obtain equivalent relief

(assuming she were otherwise entitled to it) in Municipal Court. This is on the ground that the Municipal Court lost jurisdiction upon the issuance of the warrant to dispossess (*Hanover Bank v. De Koenigsberg,* 207 Misc. 1088, affd. 285 App. Div. 928; *Emray Realty Corp.* v. *Lloyd,* 5 Misc 2d 938; but, see, *524 East 73rd St. Garage* v. *Pantex Mills,* 274 App. Div. 617, 619; *Matter of Emray Realty Corp.* v. *Stoute,* 6 Misc 2d 365).

In this action, therefore, the question is presented whether, under the circumstances subdivision 2 of section 1446 of the Civil Practice Act deprives the Supreme Court of power to restrain the execution of the warrant. Under that statute, such relief may properly be granted only where an injunction would have been granted to stay the execution of a final judgment in an action of ejectment.

Injunctive relief in such cases has usually been granted where there was fraud in some matter other than the issue in controversy in the summary proceeding or where the Municipal Court lacked jurisdiction of the summary proceeding (see *Sherman* v. *Wright,* 49 N. Y. 227, 232; *524 East 73rd St. Garage* v. *Pantex Mills,* 274 App. Div. 617, 618, *supra; Kaminsky* v. *Klasko Finance Corp.,* 191 App. Div. 412, 415; 14 Carmody-Wait, New York Practice, p. 488). The scope of the court's power under the statute is, however, not so limited (*Guttag* v. *Shatzkin,* 194 App. Div. 509, 516, including cases and texts cited, revd. 230 N. Y. 647; *Knox* v. *McDonald,* 25 Hun 268, 270; *Chadwick* v. *Spargur,* 1 N. Y. Civ. Pro. Rep. [McCarty] 422, and especially Reporter's Note; 2 Pomeroy, Equity Jurisprudence [5th ed.], § 453, n. p. 291; 28 Am. Jur., Injunctions, § 213).

In this case the full scope of the court's power under subdivision 2 of section 1446 of the Civil Practice Act need not be explored. For, in any event, " [t]he inattention of parties in a Court of Law can scarcely be made a subject for the interference of a Court of Equity " (*Bateman* v. *Willoe,* 1 Sch. & Lef. 201, 205, [Ir.]; see, also, *Schwaman* v. *Truax,* 179 N. Y. 35, 44; *Duncan* v. *Lyon,* 3 Johns. Ch. 351, 356 [Kent, Ch.]; 4 Pomeroy, *op. cit.,* §§ 1361, 1362; 30A Am. Jur., Judgments, §§ 769, 770, 817, 823). Hence, there is lacking here allegation or proof of extraordinary circumstances, coupled with oppressive conduct on the part of the landlord, causing grave and irreparable injury to a tenant not guilty of fault as, in another case, might justify equitable interference with the landlord's legal rights.

Accordingly, the order denying application of plaintiff-appellant for a temporary injunction restraining execution of the warrant to dispossess, and granting defendant's cross motion

to dismiss the complaint, should be affirmed, with costs to defendant-respondent. The stay contained in the order of this court filed January 22, 1960, should be continued for a period of 10 days after the entry of the order hereon.

BOTEIN, P. J., BREITEL, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Order denying application of plaintiff-appellant for a temporary injunction restraining execution of the warrant to dispossess, and granting defendant's cross motion to dismiss the complaint, unanimously affirmed, with $20 costs and disbursements to defendant-respondent. The stay contained in the order of this court entered on January 22, 1960 is continued for a period of 10 days after the entry of the order herein.