Maurice Wahl, J.
The tenant moves to open her default in answering and permitting service and filing of an answer and placing this cause upon a certain Day Calendar for trial. Tenant appeared with her son and stated she was also known as Mrs. Elizabeth Brown.
*9 Heretofore the court, on tenant’s traverse of service of process, had a hearing before Judge Blattgiabdo on January 31, 1964. Considerable testimony was taken and it was there decided that due service of the process was made and, therefore, the traverse was overruled.
At that hearing, the following took place:
“ Mr. Crichton: Well, Judge, I take it then that this warrant that was issued is now in force.
“The Court: That’s right.” * * *
“The Court: Let me tell you this. Now, this proceeding having been terminated * * *. As far as the service is concerned, you have served this woman. ¡She knew what was going on. ¡She should have accepted the paper. As to that end she has no excuse.” * * *
" Mr. Gould: I move at this time to open the default on the ground that we wish to-
“The Court: Let me dispose of this matter. All right.
After hearing on the traverse the court finds proper service and, accordingly, motion is denied.”
The instant motion follows. No legal excuse is given. The moving affidavit merely states that tenant was always prepared to pay the rent, but withheld it, so as to make application to deposit the same in court. This is no excuse, because, having been duly served with process, as this court has found, the tenant could have seasonably and properly protected herself. These dispossess eases, especially in the area of the instant premises, have been given wide and front-page publicity in all media of expression.
The unlawful withholding of rent or the tenant’s failure to seasonably deposit such rent with the court, which at all times would scrupulously protect all litigants, does not clothe tenant’s actions with legal immunity. The record before my colleague reveals that after the City Marshal, an officer of this court, in the performance of his duties to execute the court’s lawful mandate, had removed the tenant and her belongings, the friends of the tenant and one Jessie Gray, described as the head of the Community Council, moved the tenant back to her apartment. The fact that this house is on a so-called “ rent strike ” does not permit such tenant or her friends to unlawfully move her belongings back into the landlord’s premises. Any such act alone or if assisted by well-meaning but misguided persons, no matter how denominated and no matter how zealous, only compounds the unlawfulness.
*10 Merely because 9, person is self-designated as a leader without legal appointment vests no authority in such person nor clothes him with any immunity to lawfully disregard the court’s mandate. ¡Such self-arrogation of power is but a furtherance of lawlessness. We have not yet reached the stage where might is right and mere unlawful possession becomes lawful. Nullification of an order of this court by anyone except an appellate court cannot be countenanced.
Whatever struggles mankind has to face must, if he is to survive under our form of government, be settled by lawful means only. Observance of the law is essential to good citizenship. We must remember that where law ends there tyranny begins. The days of the vigilantes have long since passed.
This court, however sympathetic to the plight of tenants living in inadequate housing facilities, cannot cure this inadequacy by condoning unlawfulness.
Aside from the deficiency as above pointed out, the legal impediment exists that this court no longer has jurisdiction to grant the relief sought.
The record, .shows that a warrant was issued on January 24, 1964. On January 29, 1964 the warrant was executed by the Marshal and possession of the premises delivered to the landlord on the same day. On said date landlord had artisans working in the demised premises performing certain demolition and rebuilding of the said apartment.
In Whitmarsh v. Farnell (298 N. Y. 336) the court reiterated the principle that once a warrant has been executed, the proceeding is no longer pending and thus the court no longer has jurisdiction. So, here at bar, there is no pending proceeding and thus the court has no power to grant any relief. (524 East 73rd St. Garage v. Pantex Mills, 274 App. Div. 617; O’Toole v. Remy, Inc., 194 Misc. 799.)
In the court’s opinion, rule 5015 of the Civil Practice Law and Rules has no application here, as it is implicit in said rule that an action or proceeding be still pending before the court. Here by execution of the warrant, this proceeding is no longer pending (see cases cited above).
Finally, tenant contends that the 24-hour notice under section 749 of the Real Property Actions and Proceedings Law was faulty, as three days additional was not added as it was mailed. Tenant relies on rule 2103 (subd. [b], par. 2) of the Civil Practice Law and Rules. In the court’s opinion, said rule is inapplicable to the 24-hour notice. Furthermore, under subdivision (e) of said rule, no service of any paper need be made upon a party in default. Tenant here was in default at the time such *11 notice was mailed, except as provided for under subdivision (e) of section 3215 of the Civil Practice Law and Rules. The instant cause does not come within the exception.
The motion is in all respects denied and the stay dissolved.