Richard W. Wallach, J.
This is a nonpayment summary proceeding with some nnusnal factual and legal aspects.
Hard on the heels of a warrant dispossessing this 73-year-old tenant and his wife from an apartment which they had occupied for 28 years, the latter moved to vacate the warrant by order to show cause traversing the validity of service of process, which order contained a stay prohibiting the landlord from reletting the demised premises. The testimony of the landlady, Barbara Papp, showed that a City Marshal completed the removal of tenants and the consignment of their personal effects to the Department of Sanitation on the morning of August 17 (the same day the order to show cause and stay was issued) and that in the early afternoon Mrs. Papp executed and delivered a lease to a new tenant at almost double the old rental. This new tenant was immediately ensconced in the apartment, thus frustrating the provisions of the stay which Mrs. Papp has deposed was served upon her too late to be effective, namely at 10:30 p.m. in the evening.
An order of this court dated September 10, 1970 granted tenants’ motion to vacate the prior judgment and warrant to the extent of directing the full hearing held before me, at which the tenants waived defective service and the parties stipulated for a disposition of the landlord’s petition on the merits.
The original proceeding was based upon an alleged default by tenant in payment of the monthly rental of $47.50 for the month of July, 1970, and the parties stipulated that the petition be deemed amended so as to include an alleged like default for the month of August, 1970.
The evidence demonstrated that this eviction, together with the supposedly fortuitous and profitable reletting, were both the culmination of a contrived and calculated fraud not only upon the immediate victims but on this court as well. This court finds that the tenants tendered the July rent by check which was secreted by Mrs. Papp; that they paid the August rent in cash; that Mrs. Papp through various subterfuges evaded delivery of rent receipts, and carefully timed all these maneuvers so as to take advantage of the absence on vacation of her septuagenarian tenants.
The immediate legal consequences of the foregoing require some analysis, particularly in view of the possible consequences *741 upon the rights of these tenants to recover damages for illegal eviction (Filby v. Gaden, 275 App. Div. 847; Brandt v. DeKosenko, 57 Misc 2d 574) and possibly triple damages (Beal Property Actions and Proceedings Law, § 853). Had tenants’ defense of payment been litigated in the usual manner, the petition would have been dismissed on the merits. In this ease however, the entire contest proceeded after execution of the warrant. Under such circumstances, does the court have jurisdiction of the subject matter, which no mere stipulation of the parties could provide, or was the trial a futile excursion into a matter wholly moot?
This court is not divested of jurisdiction in a summary proceeding merely by reason of the issuance of a warrant (Whitmarsh v. Farnell, 298 N. Y. 336; 524. East 73rd St. Garage v. Pantex Mills, 274 App. Div. 617; O'Toole v. Suzanne Remy, 194 Misc. 799) and under CPLB 5015 (subd. [a], par. 3) this court can relieve a party from a judgment obtained by the “ fraud * * * or other misconduct” in a summary proceeding of an adverse party (Matter of Joseph v. Cheeseboro, 42 Misc 2d 917). Even execution of a warrant does not per se defeat jurisdiction, because section 212 of the New York City Civil Court Act vests this court in the exercise of its summary proceedings jurisdiction, with ‘ ‘ all of the powers that the supreme court would have in like actions and proceedings ” (Matter of Marluted Reatty Corp. v. Decker, 46 Misc 2d 736; Matter of Albany v. White, 46 Misc 2d 915). In the Albany ease the court observed that even after execution of the warrant the court had the power to restore to possession a tenant who had been illegally evicted, but that where a reletting had occurred, as here, the new tenant was a necessary party before such relief could be entertained. Tenants’ failure to join the new apartment lessee as a party, and to interpose any counter or cross claim in this proceeding, is a decisive bar to any final judgment restoring respondents to possession. To be sure, this court has held at least once in a rent strike case (Gooden v. Galashaw, 42 Misc 2d 8) that execution of a warrant terminated its jurisdiction as to any further proceedings. However, the Gooden case may be readily distinguished from the case at bar on its special facts, which involved a willful withholding of rent by a tenant bent upon .formulating a legal test at his peril, rather than, as here, the protection by a court of the integrity of its process from fraudulent abuse. In addition, it should be noted that the authorities relied upon in the Gooden ease for the proposition that warrant execution forever terminates juris *742 diction are all instances where the warrant had issued, but in fact had not proceeded to execution.
In view of the foregoing, the only aspect of the case retaining any vitality is that portion of the petition, as amended, that demands a deficiency judgment for the alleged rent arrears in July and August, in the sum of $95. Under prior prevailing law, and specifically section 1425 of the Civil Practice Act, a judgment for rent deficiency was wholly incidental to the possessory aspects of a summary proceeding, and was available only upon “ rendering a final order ” in favor of the landlord (East Bronx Props. v. James, 200 Misc. 180; see Matter of Byrne v. Padden, 248 N. Y. 243). If this were still the law, the outcome indicated here would be dismissal for lack of jurisdiction of what was formerly only such incidental relief. However, the cited section of the Civil Practice Act has now been displaced by the sweeping language of subdivision 1 of section 747 of the Real Property Actions and Proceedings Law, which mandates that, £ 1 The court shall direct that a final judgment be entered determining the rights of the parties.” It is no longer essential that a final judgment for possession provide the predicate for £ £ determining the rights of the parties. ’ ’
Accordingly, landlord’s petition is dismissed on the merits. In the absence of any counterclaim, this proceeding is not £ £ founded upon an allegation of * * * forcible holding out ’ ’ even though the proof established it; therefore the court cannot award additional special costs to tenants as it would otherwise do under subdivision 3 of section 747 of the Real Property Actions and Proceedings Law.