OPINION OF THE COURT
David B. Saxe, J.
The landlord commenced this summary eviction proceeding seeking both possession and arrears of use and occupancy after the expiration of the tenant’s lease term. The case then appeared on the Trial Calendar. The parties (who were both represented by competent counsel), reached a settlement and executed a handwritten stipulation which was “so ordered” by the Judge presiding in the Part. The stipulation provided for (a) a final judgment of possession, (b) a warrant to be issued, and (c) enforcement of the warrant to be stayed until March 31, 1982 if the tenant complied with certain conditions, among which were payment of past use and occupancy ($2,348) and payment of January, February, and March, 1982 use and occupancy at the rate of $750 per month. It was further provided that if any of the use and occupancy payments were not made when due, the stay would be vacated.
The tenant apparently failed to make any of the agreed upon payments. The landlord furnished an affidavit setting out the tenant’s noncompliance to the Marshal, who proceeded to obtain possession for the petitioner.
The petitioner now seeks an order for the entry of a money judgment in the sum of $6,434 representing unpaid *246 use and occupancy payments and alleged damages to the premises caused by the tenant.
Does the final judgment of possession in favor of the landlord, agreed to by the parties as part of the stipulation of settlement, also entitle the landlord to entry of a money judgment representing arrears in use and occupancy, as an incident to its possessory judgment?
I hold that it does not. The motion is denied. It is apparently the landlord’s contention that, although the stipulation did not explicitly authorize the entry of a money judgment for unpaid arrears of use and occupancy, 'that the right to enter a final judgment of possession implicitly permits entry of a money judgment for unpaid use and occupancy during the holdover period.
The landlord’s contention is incorrect. A landlord is entitled to seek use and occupancy when it is attendant to a demand for possession. (RPAPL 741, subd 5.) However, by virtue of the stipulation, the landlord obtained a judgment of possession only, not one for arrears of use and occupancy. It has been held that a judgment for a rent deficiency (or a deficiency in use and occupancy) is not ancillary or incidental to a final judgment of possession in favor of the landlord (see RPAPL 747; Papp v Maffei, 64 Misc 2d 739). Therefore in a summary proceeding to recover possession of real property, a final judgment of possession may stand alone, and need not be coupled with' a money judgment for rent or use and occupancy.
Even if I were to hold that a judgment for deficiencies in use and occupancy were incident to a judgment of possession, the amount representing claimed damages could in no event be recoverable as part of a summary proceeding.
Stipulations are contracts between the parties and are encouraged by courts; they will not be set aside or modified absent a showing of fraud, collusion, mistake, accident or good cause. (Glenbriar Co. v Bloomfield, NYLJ, May 7, 1982, p 6, col 2 [App Term, 1st Dept]; Matter of Frutiger, 29 NY2d 143, 149-150.) There is no reason here to alter the terms of a stipulation which was not haphazardly or inadvertently entered into, “but was the product of negotiations between parties of equal bargaining capacity dealing at *247 arms-length (cf. Solack Estates v Goodman, 78 AD2d 512).” (Glenbriar Co. v Bloomfield, supra, p 6, col 2; Matter of Galasso, 35 NY2d 319.)
If I permitted the entry of a money judgment for arrears in use and occupancy, I would, in effect, be disregarding this court-approved settlement, which was a fair and final disposition of this summary proceeding. (See Matter of Dolgin Eldert Corp., 31 NY2d 1, 10; Lekaj Realty Corp. v Wolf, NYLJ, Jan. 3, 1978, p 11, col 4.) Under these circumstances, to allow entry of a money judgment would amount to a deprivation of the tenant’s due process rights. (See, generally, Fuentes v Shevin, 407 US 67.)
Had the stipulation provided for the entry of a money judgment, the landlord’s position would be unquestionably correct. The obligation to pay money by the tenant here was only a condition for the stay. Failure to pay resulted in vacating the stay — nothing more.
Perhaps the failure to include a provision for a money judgment was due to inadvertence. Perhaps the possibility of a money judgment was discussed in the negotiations that preceded the stipulation but was discarded as a condition for the landlord’s obtaining a final judgment of possession without the necessity of a trial. What is evident is that there was no written provision for a money judgment and this court will not add one.
The landlord must commence a plenary action if it now seeks to recover a money judgment. There are however, admissions relating to use and occupancy in the stipulation which may facilitate a motion for summary judgment. Although these admissions exist, the tenant may still be able to raise triable, issues of law or fact to defeat a motion for summary judgment. (See Zuckerman v City of New York, 49 NY2d 557.)
Motion denied with costs.