OPINION OF THE COURT
Gilbert Rabin, J.
Respondent moves by order to show cause for an order staying execution of eviction, vacating the judgment and dismissing the petition.
An evidentiary hearing was held on March 13, 1987, and the testimony and court documents establish the following facts:
On January 28, 1987, respondent appeared in open court, and admitted all of the allegations in the petition including nonpayment of rent. A final judgment for petitioner was entered and stayed until February 6, 1987. On February 19, 1987, the warrant of eviction was issued. On February 27, 1987, respondent appeared at the office of petitioner and tendered a sum of money. Respondent claims he tendered the *633 full amount of the judgment while petitioner claims partial payment was tendered but refused and respondent was informed that he could tender full payment on March 2, 1987, prior to the eviction scheduled on that date. Respondent admits he did not return on March 2, 1987. The court finds that respondent has never tendered the full judgment amount. The court also finds that respondent received the required 72-hour notice of eviction. On March 2, 1987, at 2:00 p.m. the City Marshal appeared at the premises and proceeded to execute the warrant of eviction. The respondent immediately proceeded to the court and, without advising the court of the ongoing eviction, procured an order to show cause. The order to show cause was served upon the office of the City Marshal at or about 3:18 p.m.
The parties stipulated that one of respondent’s sons was injured in an automobile accident and was hospitalized during the month of January 1987. Respondent claims the medical expenses associated with his son’s injuries contributed to his inability to pay the amount due.
Finally, it appears that several nonpayment proceedings have been commenced by petitioner against respondent during the past nine months.
There is a threshold issue raised by the facts. Does this court retain jurisdiction of a summary proceeding during and immediately subsequent to the execution of a warrant of eviction? This issue arises periodically and the published decisions reflect an earnest attempt to reconcile inconsistencies in the statutory and decisional law.
On the one hand is the line of cases which hold that the lower courts retain jurisdiction over "pending” actions or proceedings and a summary proceeding is pending until the warrant of eviction is issued (People ex rel. Halperin v Strahl, 113 Misc 23 [1920]), or the warrant of eviction is executed (Whitmarsh v Farnell, 298 NY 336 [1949]; 524 E. 73rd St. Garage v Pantex Mills, 274 App Div 617 [1949]; O’Toole v Suzanne Remy, Inc., 194 Misc 799 [1949]; Gooden v Galashaw, 42 Misc 2d 8 [1964]; also see, 3 Rasch, New York Landlord & Tenant — Summary Proceedings § 1387 [2d ed], and cases cited therein). These cases often cite RPAPL 749 (3) (formerly Civ Prac Act § 1434) and CPLR 2201.
On the other hand is the more recent line of cases which holds that the lower court retains the power to grant relief, in appropriate circumstances, from its own judgments or orders, *634 even after execution of a warrant (Matter of Albany v White, 46 Misc 2d 915 [Civ Ct, NY County 1965]; Papp v Maffei, 64 Misc 2d 739 [Civ Ct, NY County 1970]; Third City Corp. v Lee, 41 AD2d 611 [1st Dept 1973]; Iltit Assocs. v Sterner, 63 AD2d 600 [1st Dept 1978]; J A R Mgt. Corp. v Foster, 99 Misc 2d 315 [Civ Ct, Queens County 1979]; Oppenheim v Spike, 107 Misc 2d 55 [1st Dept 1980]; Eight Assocs. v Hynes, 102 AD2d 746 [1st Dept 1984]; S.W.S. Realty Co. v Geandomenico, 126 Misc 2d 769 [Civ Ct, NY County 1984]; Lindsay Park Houses v Greer, 128 Misc 2d 775 [Civ Ct, Kings County 1985]). These cases often cite CPLR 5015 and UCCA 212. In addition, the courts have relied on factual distinctions (Papp v Maffei, supra) or equitable considerations (J A R Mgt. Corp. v Foster, supra; Oppenheim v Spike, supra; Lindsay Park Houses v Greer, supra; Matter of Albany v White, supra), in order to avoid the substantial hardship which would be occasioned by a strict application of the holding in Whitmarsh v Farnell (supra) and its progeny.
It is the opinion of this court that it retains jurisdiction of a summary proceeding even after the execution of the warrant of eviction. This jurisdiction is inherent; however, the discretion to exercise it is contingent upon a showing of compelling facts, circumstances, and equities warranting the relief sought.
This concept is not new. In 1889, the Court of Appeals held, "The whole power of the court to relieve from judgments taken through 'mistake, inadvertence, surprise or excusable neglect,’ is not limited * * * but in the exercise of its control over its judgments it may open them upon the application of anyone for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent” (Ladd v Stevenson, 112 NY 325, 332; also see, Advisory Committee Notes, CPLR 5015 [a]).
We now consider whether the facts and circumstances of this case demonstrate excusable default coupled with a meritorious defense sufficient to permit this court to exercise its discretionary power.
The court finds that, contrary to the reference to default in the order to show cause and the previous written decision of this court, respondent did not default and in fact appeared in open court on January 28, 1987 and admitted the allegations of the petition. Clearly there was no default, excusable or otherwise.
*635 Furthermore, the court holds that the recent injury to and hospitalization of respondent’s dependent child does not, as a matter of law, constitute a meritorious defense to this action. Despite the court’s sympathy for the respondent’s ill fortune, such facts do not create a defense to the nonpayment. Additionally, respondent’s persistent pattern of nonpayment mitigates against the exercise of this court’s discretionary powers. (See, Rental Realty Corp. v Lawrence, 14 Misc 2d 1070.)
In view of the foregoing respondent’s motion is denied in all respects. In the event respondent has any personal property remaining in the premises, petitioner is hereby directed to permit respondent immediate access to remove same on any weekday between the hours of 9:00 a.m. to 5:00 p.m. Any such property remaining in the premises after April 17, 1987, shall be deemed abandoned.